UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

MOHAMMED SADAT, M.D.,                    :
                              :

                Plaintiff,         :

                              :       19-CV-5053 (JMF)
        -v-                      :
                              :      MEMORANDUM OPINION
STATE UNIVERSITY OF NEW YORK UPSTATE   :        AND ORDER
MEDICAL UNIVERSITY, et al.,           :
                              :

                Defendant.     :
                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Mohammed Sadat sues his former employer, the State University of New York

Upstate Medical University ("SUNY Upstate"), and several SUNY Upstate officials, pursuant to

Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12131 *et seq.*; the

Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*; and the New York

State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, alleging discrimination and retaliation on

the basis of disability.  Defendants now move, pursuant to 28 U.S.C. § 1404(a), to transfer the case

to the United States District Court for the Northern District of New York.

       In evaluating a transfer motion, a court must determine whether the case could have been

filed in the proposed transferee district and, if so, determine whether convenience and the interests

of justice favor transfer.  *See Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498, 501 (S.D.N.Y.

2006).  The latter inquiry is guided by a non-exhaustive set of factors, including: (1) the plaintiff's

choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and

relative ease of access to sources of proof, (4) convenience of the parties, (5) the locus of operative

facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative

means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and

the interests of justice. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 617-18 (S.D.N.Y. 2011). A plaintiff's choice of forum, however, should be disturbed only when "the balance" of these factors "is strongly in favor of the defendant." *Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679, 680-81 (2d Cir. 1959) (internal quotation marks omitted). Moreover, the moving party bears the burden of establishing, by "clear and convincing evidence" that transfer is proper. *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 114. Ultimately, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness [must be] considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

Applying these standards here, the Court concludes, in its discretion, that transfer is not warranted. The Court reaches that conclusion based in part on the fact that Congress granted greater discretion with respect to the choice of venue to plaintiffs suing under the ADA and the Rehabilitation Act than it did under the general venue statute. Under the ADA and the Rehabilitation Act, venue is proper "in *any* judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3) (emphasis added); *see Bolar v. Frank*, 938 F.2d 377, 378-79 (2d Cir. 1991); *Banfield v. UHS Home Attendants, Inc.*, No. 96-CV-4850 (JFK), 1997 WL 342422, at *1 (S.D.N.Y. June 23, 1997). It is widely understood that that "broad provision" was intended "to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 504 (9th Cir. 2000) (internal quotation marks omitted). In particular, the statute "expand[s] the available fora [for] plaintiffs grieving civil rights violations," which could "logically be explained by an intent to allow plaintiffs" to avoid "hostile courts or juries" in the district where the discrimination occurred. *Ellis v. Costco Wholesale Corp.*, 372 F.

Supp. 2d 530, 537-38 (N.D. Cal. 2005). Naturally, the provision has particular salience where, as here, a defendant moves for an *intrastate* transfer of venue. As one court has observed, the statutory language permitting venue in "any judicial district *in the State* . . . would be rendered meaningless if a plaintiff were never permitted, practically speaking, to litigate her action in any district in the state except for the one where the unlawful employment practice occurred." *Minh Hong v. Morgan Stanley & Co.*, No. C12-01756 (TEH), 2012 WL 5077066, at *3 (N.D. Cal. Oct. 18, 2012) (internal quotation marks omitted); *see also Ellis*, 372 F. Supp. 2d at 538 (holding that "a plaintiff's choice of forum is entitled to greater deference prior to *intrastate* transfer in cases where venue is based on allegations that the locus of unlawful employment practices occurred in that state, but not in that district" (emphasis added)).

Mindful of these considerations, the Court concludes that the balance of relevant factors does not favor of transfer, let alone decidedly so. First, the relative proximity of the Northern and Southern Districts of New York weighs against transfer, as Defendants do not show any substantial inconvenience that would arise from litigating in the Plaintiff's chosen district. *See Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*, No. 12-CV-5141 (JMF), 2012 WL 5512164, at *3 (S.D.N.Y. Nov. 14, 2012) (denying transfer from New York to Connecticut in part because "the inconvenience of litigating in a neighboring state is minimal"). Second, while Defendants provide general statements about potential witnesses who reside in the Northern District, ECF No. 32 ("Severin Decl.") ¶ 3, they do not identify any who would be unwilling or unable to appear in the present action, *see Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 746 (S.D.N.Y. 2013) (discussing the moving parties' inability to identify particular witnesses who are "likely to present attendance challenges"). Moreover, by Defendants' own admission, any non-party witnesses in this case are likely to be employed by or affiliated with SUNY Upstate, ECF No. 30, at 9, which also militates against transfer, *see TM Claims Serv. v. KLM Royal Dutch*

*Airlines*, 143 F. Supp. 2d 402, 406 (S.D.N.Y. 2001) (finding that the availability-of-witnesses factor "is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship." (internal quotation marks omitted)). Finally, as noted, although the Southern District of New York is neither the Plaintiff's home forum, Severin Decl. ¶ 2, nor the district where the alleged acts occurred, ECF No. 1, ¶¶ 1, 8, 12; *see 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (finding the plaintiff's choice of forum is entitled to less weight when it is neither her home forum nor where the alleged events occurred), the statutory language grants plaintiffs bringing claims under the ADA and the Rehabilitation Act broad latitude to choose any venue within the forum state.[1]

In short, because the balance of relevant factors does not tip strongly in favor of transfer, Defendants' motion is denied. Per the Court's Order of August 8, 2019, Defendants shall file their answer within **three weeks** of the date of this Memorandum Opinion and Order. *See* ECF No. 31. The Initial Pretrial Conference is hereby RESCHEDULED for **October 29, 2019**, at **4:15 p.m.** The parties are reminded to file a joint letter and proposed Case Management Plan by the Thursday prior to the Initial Pretrial Conference. *See* ECF No. 12.

The Clerk of Court is directed to terminate ECF No. 28.


SO ORDERED.

Dated: September 19, 2019
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Neither party addresses the issue of pendent venue over Plaintiff's state-law claim, but the Court finds that it is appropriate to keep all of his claims together because they "arise out of the same nucleus of operative fact[s]." *Banfield*, 1997 WL 342422, at *2.