# EISENBERG & SCHNELL LLP
ATTORNEYS AT LAW

HERBERT EISENBERG

LAURA S. SCHNELL

JULIAN R. BIRNBAUM
Of Counsel

By ECF

January 14, 2020

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
New York, New York

Re:   *Sadat v. SUNY Upstate Medical University, et al.*, No. 19 cv 5053 (JMF)

Dear Judge Furman:

We represent plaintiff in the above action and write to raise the following discovery disputes that we have been unable to resolve.[1]

Defendants' Objections. The overriding issue is defendants' refusal to provide detailed information about medical residents other than plaintiff in the Anesthesia Residency Program ("anesthesia comparators") and residents in defendant's other medical residency programs ("other programs comparators") with respect to leaves, accommodations, completion of requirements, and advancement (without reapplication through the national residency match which was required of plaintiff) through, or separation from, residency.[2] Comparison to others is a well settled method of showing discriminatory disparate treatment. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010); *Abdul-Hakeem v. Parkinson*, 523 Fed. Appx. 19, 20-21 (2d Cir. 2013) (summary order); *Graham v. Long Island Rail Road*, 230 F.3d 34, 39 (2d Cir. 2000).

Disclosure of the identity of and information about comparators is necessary to engage in a disparate treatment analysis. The Supreme Court has thus required disclosure of confidential

---

[1] Plaintiff's counsel spoke with defendants' counsel Johane Severin, Esq., by phone on November 25, 2019 regarding a proposed Confidentiality Stipulation and Protective Order ("Confidentiality Order"), and on December 26, 2019 and January 10, 13, and 14, 2020 regarding the Confidentiality Order and Defendants' Objections to Plaintiff's First Request for the Production of Documents ("Request," attached Exhibit A) and Objections and Responses to Plaintiff's First Set of Interrogatories ("Interrogatory," Exhibit B") that defendants served December 19. Plaintiff provided supporting authority on December 30, 2019.

[2] To compare plaintiff's treatment, he requested comparator information about: (a) anesthesia residents, leaves, accommodations, and those who did not respond to communications about or did not return from leave (Requests 2, 16; Interrogatory 4a-b, d), those with leaves or accommodations (Requests 8, 10), completion of anesthesia Program requirements with additional time (Request 13), promotion and reapplication for successive years in the Program (Requests 18, 20; Interrogatory 4e), discipline and resulting changed status in the Program (Request 22; Interrogatory 4c-e), and candidates to whom plaintiff was compared when he "reapplied" to the Program (Request 24, Interrogatory 2h); and (b) other programs residents with leaves or accommodations (Requests 9, 11; Interrogatory 4a-b), completion of Program requirements with additional time (Request 14), those who did not respond to communications about or did not return from leave (Request 17; Interrogatory 4d), promotion and reapplication for successive years in programs (Requests 19, 21; Interrogatory 4e), and discipline and resulting changed status in programs (Request 23; Interrogatory 4c-e). Plaintiff requested information about disability discrimination and retaliation complaints against defendants (Request 28). Defendants refused to provide this information except for the anticipated provision of the number of residents with leaves.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE 212.966.8900
FAX    212.966.2505
eisenbergschnell.com

peer review materials analogous to evaluative information about comparators. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 193 (1990) (alleged discriminator cannot be allowed to pick and choose evidence which may be in confidential notes and memoranda; confidential material pertaining to other candidates may show different treatment based in discrimination); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000) (treatment of comparators relevant to defendants' explanation of actions and reasons); *Grutter v. Bollinger*, 539 U.S. 306, 317-21, 337-39 (2003) (Court examined the university's selection process to conclude it engages in highly individualized, holistic review of each applicant). Discovery will help identify the universe of proper comparators, *Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529 (PAE), 2011 U.S. Dist. LEXIS 131491, *12 (S.D.N.Y. Nov. 15, 2011), but preclusion of discovery prevents development of comparator evidence and limits consideration of its probative value, *Carris v. First Student, Inc.*, 682 Fed. Appx. 30, 32-33 (2d Cir. 2017) (summary order) (discovery aids determination whether plaintiff similarly situated to comparators who received more lenient punishments).

Here, the medical resident anesthesia comparators were in the same residency program, administered by the same persons, and subject to the same program and employment practices with respect to disability, reasonable accommodation, leave, and promotion as applied to plaintiff.[3] Similarly, other program residents are also subject to these same policies and oversight, as defendants' counsel confirmed defendant's Human Resources Office centralized role in administering leaves. Uniform policy and centralized decisionmaking as to leave, accommodation(s), and advancement renders discovery of the treatment of other programs residents a proper inquiry.[4] Plaintiff cannot discover evidence to prove his claim without knowing who the comparators were, their qualifications, and the process and procedures that were used. Nor can defendants justify their defense that plaintiff was not treated differently and did not measure up in a legitimate readmission process without presenting that information for inquiry. Defendants' objections to keep hidden as much of this information for as many university departments as possible[5] must give way, with proper confidentiality protection, to the broad remedial purposes of our antidiscrimination laws.

---

[3] These include, *inter alia*, SUNY Upstate Terms of Resident Appointment and Policies of SUNY Board of Trustees, State University Professional Services Negotiating Unit Agreement, Medical Staff By-Laws, Upstate Resident Handbook, and House Staff Employees Summary of Employee Benefits.

[4] *See, e.g., Adkins v. Christie*, 488 F.3d 1324, 1329-31 (11th Cir. 2007) (comparison to all physicians in hospital proper where infractions arose from hospital-wide rules and plaintiff entitled to compare general standard for physicians and context of larger disciplinary practices of hospital in order to establish different treatment); *Jauhari v. Sacred Heart Univ., Inc.*, No. 3:16CV00680 (AWT), 2017 U.S. Dist. LEXIS 29441, *9-12, 16-17 (D.Ct. March 2, 2017) (discovery of applicants in same and other departments because action based on based university-wide standard applied by same committee); *Varughese v. Mt. Sinai Med. Ctr.*, No. 12 Civ. 8812 (CM) (JCF), 2015 U.S. Dist. LEXIS 43758, *135 (S.D.N.Y. March 27, 2015) (other resident or doctor who behaved in same way as physician plaintiff would be similarly situated in respect to comparison of positions), *aff'd*, 2017 U.S. App. LEXIS 12123, 2017 WL 2889483 (2d Cir. July 7, 2017) (summary order).

[5] Defendants asked whether plaintiff would designate a few other residency programs along with anesthesia for which defendants might produce information. Willingness to produce information for

EISENBERG & SCHNELL LLP

Proposed Confidentiality Order. Defendants propose a category of "Highly Confidential – Attorneys' Eyes Only," that would not be disclosed to plaintiff, for information about the selection process when plaintiff "reapplied" to the Program and about comparator residents. Plaintiff's proposed Confidentiality Order is based on the models used by several judges of this Court available on the Court's website, which do not have any such designation. Because there is no good cause to preclude discovery of this information in the first place as shown above, no basis exists for restricting plaintiff's access on attorneys' eyes only basis. *Garner v. City of New York*, No. 17-CV-843 (JGK) (KNF), 2018 U.S. Dist. LEXIS 180072, *15-16 (S.D.N.Y. Oct. 17, 2018). Preventing plaintiff's access will, as has been recognized, unduly interfere with his ability to prosecute his case and assist counsel in preparation of the case, which involves technical and medical issues, a selection process in which he participated, and anesthesia and other programs residents whose relevant circumstances he can assist counsel in evaluating. *See, e.g., Gryphon Dom. VI, LLC v. APP Intl. Fin. Co., B.V.*, 28 A.D.3d 322, 325-26 (1st Dept. 2006) (attorneys' eyes only prevents counsel from fully discussing with clients all relevant information to properly present case); New York City Bar Committee Report, "Highly Confidential – Attorney's Eyes Only" Designations: Comments, Nov. 22, 2019, https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/highly-confidential-attorneys-eyes-only-designations-comments).

Defendants will have access to medical witnesses to assist their counsel. Plaintiff will be bound not to disclose information to others under the Conf. Order. Defendants' argument that plaintiff should not see the information because he cannot offer counsel knowledge or assistance that, *e.g.*, a program director or department chair can is not persuasive. As a participant in the events, he can help counsel determine, *e.g.*, whether residents were in fact treated as defendants claim or whether factors defendants say are important were so treated in practice. Defendants' wanting Dr. Sadat not to know certain information about residents or how Upstate conducted its selection would lead to an unacceptable and unusual result: Dr. Sadat would have to leave the deposition or the trial courtroom during testimony about such issues, so that observers of the public trial would know more about what happened to plaintiff than he would. To state that result shows its lack of justification. Therefore, there should be one category of confidential information, to which plaintiff should have access like counsel, and about which he would, like counsel, be bound by the Confidentiality Order.[6]

Respectfully submitted,

Herbert Eisenberg

Encls.
cc: Johane Severin, Esq. (by ECF)

---

some programs contradicts any asserted objections to relevancy, proportionality, or confidentiality. There is no rational way to single out certain programs distinct from others. Such limitation could result in omitting probative comparators merely because plaintiff left out a program by guessing wrong.

[6] Plaintiff offered to utilize a coded key rather than actual names (for plaintiff's purview) for the other comparator medical residents or applicants, which offer was rejected on the same basis as usage of the comparator's actual names.

EISENBERG & SCHNELL LLP