UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MOHAMMED SADAT, M.D.,

                                Plaintiff,

            - against -

STATE UNIVERSITY OF NEW YORK UPSTATE
MEDICAL UNIVERSITY, et. al.,

                            Defendants.

------------------------------------------------------------------------x

19 CV 05053 (JMF) (KNF)

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendants the State University of New York ("SUNY") s/h/a as State University of New York Upstate Medical University, Mantosh Dewan, M.D. ("Dr. Dewan"), P. Sebastian Thomas, M.D. ("Dr. Thomas"), and Carlos J. Lopez, M.D. ("Dr. Lopez") (collectively, "Defendants") by their attorney, LETITIA JAMES, Attorney General of the State of New York, hereby respond to Plaintiff Mohammed Sadat's ("Plaintiff") First Request for the Production of Documents, dated November 19, 2019 (the "Document Requests"), as follows:

<u>**RESERVATION OF RIGHTS**</u>

By responding to the Requests, Defendants do not concede the materiality of the subject matters to which they refer. These responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose of any of the documents or information produced in response hereto, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

1

The responses set forth herein are based on information presently available and Defendants reserve the right to supplement, amend or correct these responses in light of information later obtained through discovery or otherwise.

The inadvertent production of any information which is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information or of Defendants' right to object to the use of any such information during any proceeding in this litigation or otherwise.

## GENERAL OBJECTIONS

1.     Defendants object to the Document Requests to the extent that they seek documents or information that are not relevant to any claim or defense in this action or not proportional to the needs of the case, nor reasonably calculated to lead to discovery of evidence regarding, the allegations asserted in the Complaint.

2.     Defendants object to the Document Requests to the extent that they do not distinguish between the various defendants.

3.     Defendants object to the Document Requests to the extent that they are not sufficiently limited in time and/or scope.  Unless otherwise stated, Defendants construe the Document Requests as seeking documents and information from July 1, 2013 to the present.

4.     Defendants object to the Document Requests to the extent that they seek to impose obligations that are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the Eastern District of New York.

5.     Defendants object to the Document Requests to the extent that they call for the production of information or documents that are not in their possession, custody, or control.

6.     Defendants object to the Document Requests to the extent that they seek the

production of documents and/or information that are protected from discovery by the attorney-client privilege, attorney work product doctrine, public interest, investigatory or deliberative process privilege, relating to the privacy interests of nonparties, or otherwise protected from disclosure by law or any other applicable privilege or protection. The inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that or any other document or information.

7.      Defendants object to the Document Requests to the extent that they call for the production of documents and information that have been previously produced or disclosed by Defendants, obtained by Defendants or their counsel from Plaintiff, or provided to Plaintiff in the course of this action, including through Defendants' Tier One and Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a), dated November 8, 2019 ("Initial Disclosures").

8.      Defendants object to the definitions contained in the Document Requests, including but not limited to paragraphs 1 through 20, to the extent they are inconsistent with the definitions in Local Rule 26.3.

9.      Defendants incorporate these General Objections into the responses to each document request as if fully set forth therein, and each such response is subject to these General Objections in addition to such specific objections identified therein.

10.     The responses set forth below are based on information currently available to Defendants. Defendants reserve the right to supplement, amend, or correct these responses at any time.

11.     Defendants reserve the right to produce responsive documents on a rolling basis as documents are reviewed and approved by counsel for production.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

1.     All personnel files concerning plaintiff, including concerning refusal to provide or extend plaintiff's leave, termination of plaintiff from the Anesthesia Program, denial of readmission to plaintiff, and desk or other files kept by any of the individual defendants.

**Response:** Defendants object to Request No. 1 on grounds that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence since Plaintiff first entered a residency program at SUNY in 2011 and his claims are restricted by applicable statutes of limitations and by the scope of EEOC Charge #520-2017-02629. Defendants further object to the request on grounds that it incorrectly assumes that Defendants refused to provide or extend plaintiff's leave and/or terminated plaintiff from the Anesthesia Program, and the information sought in this Document Request is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures.

2.     Personnel files for the following persons, as applicable to them:

i.   All residents admitted to or continued in the Anesthesia Program during 2016 and 2017.

ii.  Anesthesia Program or Residency Program residents who did not respond to communications or notices from the Anesthesia Program, defendants or Residency Programs, or did not return or arrange for return from leaves, including those whose status or continuation in the Anesthesia Program or Residency Program was thereby adversely affected.

For any person who is a former employee of defendants or resident in the Anesthesia Program, also provide any documents or agreements concerning severance or other compensation,

references, claims, settlements, indemnification or post-employment obligations between the former employee or resident and defendants.

**Response:** Defendants object to Document Request No. 2 to the extent it impacts the privacy interests of non-parties, it is unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Defendants further object to request 2(ii) on grounds that it is vague and ambiguous as it fails to define the terms "communications or notices," it is overly broad, and it does not specify a relevant timeframe. Subject to these objections and the General Objections, Defendants will not produce documents responsive to this request.

3.      Anesthesia Program rules, regulations, guidance, policies, procedures, employee handbooks, codes of conduct, employment contracts, or other documents concerning the terms and conditions of plaintiff's employment and residency, including such applicable documents of GMEO, HR, ACGME, ABA, and defendants' policies and procedures concerning disability, reasonable accommodation, interactive process, leave, requesting accommodation and leave, and complaints of discrimination and retaliation.

**Response:** Defendants object to Request No. 3 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, it seeks information that is not relevant or proportional to the needs of the case, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to the SUNY Upstate Medical University Resident Handbook produced as SUNY 0001-57 and the Summary of Employee Benefits produced as SUNY 472-592 of their Initial Disclosures. Defendants will produce any additional

responsive, non-privileged documents from July 1, 2013 to the present to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

    4.    Defendants' Residency Program rules, regulations, guidance, policies, procedures, Employee handbooks, codes of conduct, employment contracts, or other documents concerning the terms and conditions of plaintiff's employment and residency, including such applicable documents of GMEO, HR, ACGME, applicable professional medical certification board, and defendants' policies and procedures concerning disability, reasonable accommodation, interactive process, leave, requesting leave and accommodations, and complaints of disability discrimination and retaliation.

    **Response:** Defendants object to Request No. 4 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to define the term "applicable professional medical certification board" or to specify a relevant timeframe, it is overly broad, unduly burdensome, it seeks information that is not relevant or proportional to the needs of the case, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to the SUNY Upstate Medical University Resident Handbook produced as SUNY 0001-57 and the Summary of Employee Benefits produced as SUNY 472-592 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents from July 1, 2013 to the present to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

5.      All documents and communications, including evaluations, grades, rotation evaluations, and other reports concerning plaintiff's performance as an employee and resident in the Anesthesia Program, medical and patient care and treatment, complaints about plaintiff or his performance, including such documents considered in determining leaves or accommodation for plaintiff, the termination of plaintiff from the Anesthesia Program, and in denial of readmission to plaintiff.

**Response**: Defendants object to Request No. 5 on grounds that it is overly broad, unduly burdensome, it seeks information that is not relevant or proportional to the needs of the case, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

6.      All documents and communications concerning plaintiff's medical condition, mental health, disability, effect of such conditions on plaintiff's qualifications or ability to be an employee or resident in the Anesthesia Program, and considered in determining leaves or accommodation for plaintiff, the termination of plaintiff from the Anesthesia Program, and in denial of readmission to plaintiff.

**Response**: Defendants object to Request No. 6 on grounds that it incorrectly assumes that Plaintiff's medical condition, mental health, disability, or the effect of such conditions played a role in Plaintiff's qualification or ability to be a resident in the Anesthesia Program, his separation from the program, or the denial of his application for readmission to the program. Defendants

further object to this request on grounds that it seeks documents and information in Plaintiff's custody and control and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

7.    All documents and communications between or among plaintiff, the Anesthesia Program, defendants, GMEO, HR, ACGME, and ABA concerning any leaves requested or taken by plaintiff; grant of, or refusal to provide or extend plaintiff, leave or accommodation; requests for, consideration of, and decisions on exemption from GMEO, ACGME, and ABA policies or training requirements, additional training required, or changes in training for plaintiff in connection with such leaves or accommodation; termination of plaintiff from the Anesthesia Program; and denial of readmission to plaintiff.

**Response:** Defendants object to Request No. 7 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to this request on grounds that it seeks documents and information in Plaintiff's custody and control, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

8.     All documents and communications between or among Anesthesia Program residents other than plaintiff, the Anesthesia Program, defendants GMEO, HR, ACGME, and ABA concerning any leaves or accommodation requested or taken by or provided to Anesthesia Program residents; grant of, or refusal to provide or extend the resident, leave or accommodation; requests for, consideration of, and decision on exemption from GMEO, HR, ACGME, and ABA policies or training requirements, additional training required, or changes in training for the resident in connection with such leaves and accommodation; and any changes in the resident's status in the Anesthesia Program following or as a result of such leave or accommodation.

**Response:** Defendants object to Request No. 8 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request to the extent it impacts the privacy interests of non-parties, seeks documents that are protected from disclosure by the Family Medical Leave Act, 29 U.S.C. § 2601, on grounds that it is overly broad, it does not specify a relevant timeframe, it is unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not produce documents responsive to this request.

9.     All documents and communications between or among Residency Program residents, the Residency Program, defendants, GMEO, HR, ACGME, and the applicable medical professional certification board concerning any leaves or accommodations requested or taken by or provided to any resident; grant of, or refusal to provide or extend the resident, leave or accommodation; requests for, consideration of, and decisions on exemption from GMEO, HR, ACGME, and the applicable medical professional certification board's policies or training requirements, additional training required, or changes in training for the resident in connection

with such leaves and accommodation; and any change in the resident's status in the Residency Program following or as a result of such leave or accommodation.

**Response:** Defendants object to Request No. 9 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request to the extent it impacts the privacy interests of non-parties, seeks documents that are protected from disclosure by the Family Medical Leave Act, 29 U.S.C. § 2601, on grounds that it is vague and ambiguous as it fails to define the term "applicable professional medical certification board" or to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

10.    All documents and communications concerning requests for, documents submitted or considered, and decisions or actions taken on leaves of absence from residency or employment for residents other than plaintiff in the Anesthesia Program.

**Response:** Defendants object to Request No. 10 to the extent it impacts the privacy interests of non-parties, seeks documents that are protected from disclosure by the Family Medical Leave Act, 29 U.S.C. § 2601, on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

11.    All documents and communications concerning requests for, documents submitted or considered, and decisions or actions taken on leaves of absence from residency or employment for residents in the Residency Program.

**Response:** Defendants object to Request No. 11 to the extent it impacts the privacy interests of non-parties, seeks documents that are protected from disclosure by the Family Medical Leave Act, 29 U.S.C. § 2601, on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

12.    All documents, including communications between or among plaintiff, defendants, the Anesthesia Program, GMEO, HR, ACGME, and ABA, concerning plaintiff's training, progress in completing or not completing academic, instructional, practical or other requirements of the Anesthesia Program; eligibility for or receipt of credit toward completion of requirements; potential time periods to receive credit or complete requirements; potential circumstances affecting plaintiff's completion of the Anesthesia Program and requirements; additional time to complete a program year or requirements for promotion; retaking courses or examinations, or retraining; approval or decisions about such additional time; and requests for, consideration of, and decisions on exemption from GMEO, ACGME, and ABA policies or training requirements, additional training required, or changes in training in connection with such additional time or training.

**Response:** Defendants object to Request No. 12 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to this request on grounds that it seeks documents and information in Plaintiff's custody and control, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423

of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

13.    All documents and communications between or among Anesthesia Program residents other than plaintiff, the Anesthesia Program, defendants, GMEO, HR, ACGME, and ABA concerning the resident's training, progress in completing or not completing academic, instructional, practical, or other requirements of the Anesthesia Program; eligibility for or receipt of credit toward completion of requirements; potential time periods to receive credit or complete requirements; potential circumstances affecting the resident's completion of the Anesthesia Program and requirements; additional time to complete a program year or requirements for promotion; retaking courses or examinations, or retraining; approval or decisions about such additional time; and requests for, consideration of, and decisions of exemption from GMEO, ACGME, and ABA policies or training requirements, additional training required, or changes in training in connection with such additional time or training.

**Response:** Defendants object to Request No. 13 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request to the extent it impacts the privacy interests of non-parties, on grounds that it is overly broad, it does not specify a relevant timeframe, it is unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

14.    All documents, including communications between or among residents, Residency Program, GMEO, HR, ACGME, and the applicable medical professional certification board,

concerning the resident's training, progress in completing or not completing academic, instructional, practical, or other requirements of their Residency Program; eligibility for or receipt of credit toward completion of requirements; potential time periods to receive credit or complete requirements; potential circumstances affecting the resident's completion of their Residency Program and requirements; additional time to complete a program year or requirements for promotion; retaking courses or examinations, or retraining; approval or decisions about such additional time; and requests for, consideration of, and decisions of exemption from GMEO, ACGME, and the applicable medical professional certification board's policies or training requirements, additional training required, or changes in training in connection with such additional time or training.

**Response:** Defendants object to Request No. 14 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the request to the extent it impacts the privacy interests of non-parties, on grounds that it is vague and ambiguous as it fails to define the term "applicable professional medical certification board" or to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

15.     All documents, communications, and attempted communications, notices, letters, mail, e-mails, texts, telephone calls, other messages, and records of such communications, including whether communications were delivered, received, or returned, between or among the Anesthesia Program, GMEO, HR, and plaintiff concerning plaintiff's status as an employee or resident, leaves, accommodation, whereabouts, failure to communicate or respond, return from

leaves, contract, expiration of contract, continuance in the Anesthesia Program, refusal to provide or extend plaintiff leave, termination of plaintiff from the Anesthesia Program, and denial of readmission to plaintiff.

**Response:** Defendants object to Request No. 15 on grounds that it incorrectly assumes that Plaintiff was refused leave or an extension thereof and that Plaintiff was terminated from the Anesthesia Program. Defendants further object to this request on grounds that it is vague and ambiguous as it fails to define the term "whereabouts," it seeks documents and information in Plaintiff's custody and control and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

16.    All documents concerning Anesthesia Program residents other than plaintiff who did not respond to communications or notices from the Anesthesia Program or defendants, or did not return or arrange for return from leaves to the Anesthesia Program, including those whose status or continuation in the Anesthesia Program was thereby adversely affected, and actions taken with respect to them, reasons therefor, and documentation of communications and actions.

**Response:** Defendants object to Request No. 16 to the extent it impacts the privacy interests of non-parties. Defendants further object to request 16 on grounds that it is vague and ambiguous as it fails to define the terms "communications or notices," it is overly broad, it does not specify a relevant timeframe, it is unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General

Objections, Defendants will not search for or produce documents responsive to this request.

17.   All communications concerning residents in Residency Programs who did not respond to communications or notices from their Residency Program, or did not return or arrange for return from leaves to their Residency Program, including those whose status or continuation in their Residency Program was thereby adversely affected, and actions taken with respect to them, reasons therefor, and documentation of communications and actions.

**Response:** Defendants object to Request No. 17 to the extent it impacts the privacy interests of non-parties. Defendants further object to request 17 on grounds that it is vague and ambiguous as it fails to define the terms "communications or notices," it is overly broad, it does not specify a relevant timeframe, it is unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

18.   All documents concerning promotion of plaintiff or other residents in the Anesthesia Program, including applications or reapplications to the Anesthesia Program.

**Response:** Defendants object to Request No. 18 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, it seeks information that is not relevant or proportional to the needs of the case, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 and Second Application produced as SUNY 424-471 of their Initial Disclosures. Defendants will produce any additional responsive, non-privileged documents concerning plaintiff to the extent that they exist and are within their possession, custody, or control but will not search

for or produce any documents concerning other residents or applicants in the Anesthesia Program.

19.     All documents concerning promotion of residents in the Residency Program, including applications or reapplications to the Residency Programs.

**Response:** Defendants object to Request No. 19 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, and upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order, Defendants will produce any additional responsive, non-privileged documents concerning Plaintiff to the extent that they exist and are within their possession, custody, or control but will not search for or produce any documents concerning other residents or applicants in the Anesthesia Program.

20.     All documents concerning residents in the Anesthesia Program who were required to apply or reapply for appointment or reappointment as residents for promotion to a succeeding year, including through the National Resident Matching Anesthesia Program, upon returning from leave.

**Response:** Defendants object to Request No. 20 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to define the term "required" or to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, and upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order, Defendants will produce any

additional responsive, non-privileged documents concerning Plaintiff to the extent that they exist and are within their possession, custody, or control but will not search for or produce any documents concerning other residents or applicants in the Anesthesia Program.

21.   All documents concerning residents in Residency Programs who were required to apply or reapply for appointment or reappointment as residents for promotion to a succeeding year, including through the applicable national resident matching program, upon returning from leave.

**Response:** Defendants object to Request No. 21 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, and upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order Defendants will produce any additional responsive, non-privileged documents concerning Plaintiff to the extent that they exist and are within their possession, custody, or control but will not search for or produce any documents concerning other residents or applicants in the Residency Programs.

22.   All documents concerning residents who were disciplined in, or suspended or terminated from the Anesthesia Program, and their continuation in, or readmission or reappointment to, the Anesthesia Program, and the circumstances thereof.

**Response:** Defendants object to Request No. 22 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to define the term "disciplined" or to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for

or produce documents responsive to this request.

23.    All documents concerning residents in Residency Programs who were disciplined in, or suspended or terminated from Residency Programs, and their continuation in, or readmission or reappointment to, the Residency Programs, and the circumstances thereof.

**Response:** Defendants object to Request No. 23 to the extent it impacts the privacy interests of non-parties. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to define the terms "disciplined, suspended, terminated and the circumstances thereof" or to specify a relevant timeframe, it is overly broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

24.    All documents identifying, and concerning the applications and qualifications of other candidates for positions in the Anesthesia Program for the 2017-2018 academic year when plaintiff applied or reapplied to the Anesthesia Program, to whom plaintiff was compared in the denial of readmission to plaintiff, and who were offered interviews or positions instead of plaintiff.

**Response:** Defendants object to Request No. 24 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to the extent it impacts the privacy interests of non-parties and seeks confidential information that is protected from discovery by the deliberative process privilege. Subject to these objections and the General Objections, Defendants will not search for or produce documents responsive to this request.

25.    All written or recorded statements of any current or former employees, agents, managers, or officers of defendant SUNY Upstate concerning any of the claims, matters, and

allegations in the Amended Complaint; and allegations denials, defenses, and affirmative defenses in the Answer.

**Response:** SUNY Defendants object to Request No. 25 to the extent that it calls for the production of documents not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to this request on grounds that it is overly broad, to the extent that it calls for the production of documents and information that are not relevant to any claims or defenses in this action, not proportional to the needs of the case, are protected from discovery by the deliberative process privilege, attorney-client privilege, attorney work product doctrine, or other applicable privilege or protection, and to the extent that the information sought is duplicative of information disclosed in the Initial Disclosures. Defendants further object to the lack of specificity in Plaintiff's request and the scope.  Subject to these objections and the General Objections, Defendants will search for responsive documents from the individuals listed on Defendants' Initial Disclosures concerning the allegations in the amended complaint.

26.    All communications concerning any of the claims, matters, and allegations in the Amended Complaint; allegations, denials, defenses, and affirmative defenses in the Answer; refusal to provide or extend plaintiff's leave, termination of plaintiff from the Anesthesia Program; denial of readmission to plaintiff; plaintiff's medical condition, mental health, disability, or effect of such conditions on his qualifications or ability to be an employee or resident in the Anesthesia Program; and defendants' actions concerning plaintiff between or among each of the following persons from 2015 through the present.

    i.   Plaintiff

    ii.   P. Sebastian Thomas, M.D.;

iii.  Carlos J. Lopez, M.D.;

iv.  members of any committee or other persons who decided the termination of plaintiff from the Anesthesia Program, or the denial of readmission to plaintiff;

v.  physicians supervising or evaluating plaintiff or his performance;

vi.  HR, GMEO, including Dr. William D. Grant, Suzanne Henderson-Kendrick, John Farruggio, Linda Mazzone, Bruce Simmons, Eric Frost, Linda Venditti, Lisa Tesorio, and Roneisha Holloway;

vii. ACGME and the ABA

viii. any other person identified in defendants' responses to Plaintiff's First Set of Interrogatories, and Defendants' Tier One Disclosures and Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a).

**Response:** Defendants object to Request No. 26 on grounds that it incorrectly assumes that Plaintiff was denied leave or an extension thereof; that Plaintiff was terminated from the Anesthesia Program; and that Plaintiff's medical condition, mental health, disability, or the effect of such conditions played a role in Plaintiff's qualification or ability to be a resident in the Anesthesia Program, his separation from the program, or the denial of his application for readmission to the program. Defendants further object to the request on grounds that it is vague and ambiguous as it fails to define the terms "matters" and "actions concerning plaintiff," it is overly broad, it seeks the production of documents and information that are not relevant to any claims or defenses in this action, and it is not proportional to the needs of the case. Defendants further object to request 26(i) on grounds that it seeks documents and information in Plaintiff's custody and control. Defendants further object to request 26(iv) thru (vii) to the extent that it calls for the production of documents not in SUNY Defendants' possession, custody, or control, and is

more appropriately directed at other or non-parties. Defendants further object to request 26(iv) on grounds that it incorrectly assumes that Plaintiff's separation from the Anesthesia Program was "decided by members of a committee or other persons." Defendants further object to request 26(viii) to the extent that the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to his Personnel File produced as SUNY 100-423 of their Initial Disclosures.

27.    All documents concerning plaintiff's charge of employment discrimination to the United States Equal Employment Opportunity Commission ("EEOC"), including documents concerning the statements, allegations, denials, defenses, and exhibits in defendants' position statement from Adam Haney dated March 23, 2018; all documents reviewed or relied upon in the creation of defendants' positon statement; and all documents received from and submitted to the EEOC.

**Response:** Defendants object to Request No. 27 to the extent that it calls for the production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to SUNY's EEOC Position Paper with Exhibits A thru F produced as SUNY 58-77and to his Personnel File produced as SUNY 100-423 of their Initial Disclosures.

28.    All documents concerning any complaints of disability discrimination or retaliation against any of the defendants, including all pleadings, complaints, judgments, orders, decisions, settlement agreements, severance agreements, or separation agreements, in any internal complaint or proceeding filed in Federal or State court or with the United States Equal EEOC (*sic*), the New York State Division of Human Rights, the New York City Commission of Human Rights or any

21

other government agency.

**Response:** Defendants object to Request No. 28 on grounds that it is vague and ambiguous as it fails to specify a relevant time period and it seeks information that is protected from disclosure by a non-disclosure agreement. Subject to these objections and the General Objections, and upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order, Defendants will produce responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control related to the following categories: (1) allegations by Plaintiff against any of the individual defendants, including his EEOC complaint; and (2) allegations of disability discrimination and FMLA retaliation by residents in the Anesthesiology Department at SUNY Upstate from July 1, 2013 to the present.

29.    All documents concerning training of Anesthesia Program faculty and staff concerning the Americans With Disabilities Act, FMLA, New York State Human Rights Law, and SUNY policies and procedures concerning discrimination, disability discrimination, reasonable accommodation, leaves, interactive process, and retaliation.

**Response:** Defendants object to Request No. 29 on grounds that it is vague and ambiguous as it fails to specify a relevant time period. Subject to this objection and to the General Objections, and upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order, Defendants will produce any responsive, non-privileged documents from July 1, 2013 to the present to the extent that they exist and are within their possession, custody, or control.

30.    All documents concerning the substance of, evidence supporting and reasons for the following paragraphs of defendants' Answer: ¶¶ 24, 29, 30, 31, 32, 33, 34, 36, 37, 38.

**Response:** Defendants object to Request No. 30 to the extent it calls for the production of documents or information that are protected from discovery by the attorney-client privilege,

attorney work product doctrine, or other applicable privilege or protection. Defendants further object to this request on grounds that the information sought in this request is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to SUNY's EEOC Position Paper with Exhibits A thru F produced as SUNY 58-77 and to his Personnel File produced as SUNY 100-423 of their Initial Disclosures.

31.    All documents, to the extent not otherwise produced in response to the foregoing Requests, concerning, or upon which defendants rely to support the Fourth, Tenth, and Thirteenth Affirmative Defenses in defendants' Answer.

**Response:** Defendants object to Request No. 31 to the extent it calls for the production of documents or information that are protected from discovery by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or protection. Defendants further object to this request on grounds that the information sought in this request is duplicative of information disclosed in the Initial Disclosures and it seeks documents and information in Plaintiff's custody and control. Subject to these objections and the General Objections, Defendants refer Plaintiff to documents produced by Defendants in this litigation.

32.    All documents to the extent not otherwise produced in response to the foregoing Requests, identified in defendants' response and disclosure pursuant to the Initial Discovery Protocols and in Defendants' Fed. R. Civ. P. 26(a)(1) Disclosures.

**Response:** Defendants object to Request No. 31 on grounds that the information sought in this request is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to documents produced by Defendants in this litigation.

23

33.     To the extent not produced in response to the above Requests, all documents concerning any of the claims, matters, and allegations in the Amended Complaint; allegations, denials, defenses, and affirmative defenses in the Answer, refusal to provide or extend plaintiff (*sic*) leave, termination of plaintiff from the Anesthesia Program; and denial of readmission to plaintiff.

**Response:** Defendants object to Request No. 33 on grounds that it incorrectly assumes that Plaintiff was denied leave or an extension thereof and that Plaintiff was terminated from the Anesthesia Program. Defendants further object to the request to the extent it calls for the production of documents or information that are protected from discovery by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or protection, and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to  documents produced by Defendants in this litigation.

34.     All documents concerning defendants' receipt of and response to inquiries, or providing of information, about plaintiff's status in the Anesthesia Program, termination from the Anesthesia Program, or denial of readmission to plaintiff.

**Response:** Subject to the General Objections, Defendants will produce any responsive, non-privileged documents to the extent that they exist and are within their possession, custody, or control upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.

35.     All documents to the extent not otherwise produced in response to the foregoing Requests, which defendants may seek to introduce at trial in this matter.

**Response:** Subject to the General Objections and to the extent not otherwise produced in response to the foregoing requests, Defendants will produce any responsive, non-privileged

documents upon the filing and so-ordering of a Confidentiality Stipulation and Protective Order.


Dated:  New York, New York
        December 19, 2019

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    *Attorney for Defendants*

                                    By:
                                    _____/s/_____

                                    Johane Severin
                                    Assistant Attorneys General
                                    28 Liberty Street
                                    New York, New York 10005
                                    (212) 416-8565

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I served by email the foregoing Objections

and Responses to Plaintiff's First Request for the Production of Documents upon Herbert

Eisenberg and Julian Birnbaum, counsel for plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        December 19, 2019

                                    /s/ JOHANE SEVERIN
                                Johane Severin