UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MOHAMMED SADAT, M.D.,

                                  Plaintiff,

              - against -

STATE UNIVERSITY OF NEW YORK UPSTATE
MEDICAL UNIVERSITY, et. al.,

                                 Defendants.

------------------------------------------------------------------------x

: 19 CV 05053 (JMF) (KNF)

**DEFENDANTS' OBJECTIONS
AND RESPONSES TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Defendants the State University of New York ("SUNY") s/h/a as State University of New York Upstate Medical University, Mantosh Dewan, M.D. ("Dr. Dewan"), P. Sebastian Thomas, M.D. ("Dr. Thomas"), and Carlos J. Lopez, M.D. ("Dr. Lopez") (collectively, "Defendants") by their attorney, LETITIA JAMES, Attorney General of the State of New York, hereby respond to Plaintiff Mohammed Sadat's ("Plaintiff") First Request for the Production of Documents, dated November 19, 2019 (the "Document Requests"), as follows:

## **RESERVATION OF RIGHTS**

By responding to the Interrogatories, Defendants do not concede the materiality of the subject matters to which they refer.  These responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose of any of the documents or information produced in response hereto, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

The responses set forth herein are based on information presently available and Defendants

reserve the right to supplement, amend or correct these responses in light of information later obtained through discovery or otherwise.

The inadvertent production of any information which is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information or of Defendants' right to object to the use of any such information during any proceeding in this litigation or otherwise.

## GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories to the extent that they seek documents or information that are not relevant to any claim or defense in this action or not proportional to the needs of the case, nor reasonably calculated to lead to discovery of evidence regarding, the allegations asserted in the Amended Complaint.

2.      Defendants object to the Interrogatories to the extent that they are not sufficiently limited in time and/or scope. Unless otherwise stated, Defendants construe the Interrogatories as seeking documents and information from July 1, 2013 to the present.

3.      Defendants object to the Interrogatories to the extent that they seek to impose obligations that are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the Southern District of New York.

4.      Defendants object to the Interrogatories to the extent that they call for the production of information or documents that are not in their possession, custody, or control, and/or are more appropriately directed to other or third parties.

5.      Defendants object to the Interrogatories to the extent that they seek the production of documents and/or information that are protected from discovery by the attorney-client privilege, attorney work product doctrine, public interest, investigatory or deliberative process privilege,

relating to the privacy interests of nonparties, or otherwise protected from disclosure by law or any other applicable privilege or protection. The inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that or any other document or information.

6.      Defendants object to the Interrogatories to the extent that they call for the production of documents and information that have been previously produced or disclosed by Defendants, obtained by Defendants or their counsel from Plaintiff, or provided to Plaintiff in the course of this action, including through Defendants' Tier One and Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a), dated November 8, 2019 ("Initial Disclosures").

7.      Defendants object to the definitions contained in the Interrogatories including but not limited to paragraphs 1 through 20, to the extent they are inconsistent with the definitions in Local Rule 26.3.

8.      Defendants object to the Interrogatories to the extent they exceed the limit of 25 interrogatories when the separate subparts are counted individually.

9.      Defendants object to the Interrogatories to the extent they exceed the scope of what is permitted by Local Rule 33.3.

10.     Defendants object to the Interrogatories to the extent that they contain any explicit or implicit characterizations of facts, events, circumstances or issues, or any other implications. By responding to the Interrogatories, Defendants do not concede that any such characterizations or implications are accurate, complete or relevant to this action.

11.     By responding to the Interrogatories, Defendants do not concede the materiality of the subject matters to which they refer.  These responses are made expressly subject to, and without

waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose of any of the documents or information produced in response hereto, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

12.    Defendants incorporate these General Objections into the responses to each Interrogatory as if fully set forth therein, and each such response is subject to these General Objections in addition to such specific objections identified therein.

13.    The responses set forth below are based on information currently available to Defendants. Defendants reserve the right to supplement, amend, or correct these responses at any time.

## 14. RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Identify all persons who have knowledge or information concerning any of the claims, matters, and allegations in the Amended Complaint, and allegations, denials, defenses, and affirmative defenses in the Answer, and provide a description of such knowledge.

**Response to Interrogatory No. 1:**

Defendants object to Interrogatory No. 1 on grounds that it is vague and ambiguous as the terms "knowledge or information" are not defined, it is overbroad, unduly burdensome, it seeks information that is not relevant or proportional to the needs of the case, it exceeds the scope of discovery permitted by Local Rule 33.3(c), and the information sought is duplicative of information disclosed in the Initial Disclosures. Subject to these objections and the General Objections, Defendants refer Plaintiff to Sections A and B of Defendants' Initial Disclosures.

**Interrogatory No. 2:**

Identify all persons who have knowledge or information, made decisions, were involved, witnessed, or participated in, communicated about, or were asked for or provided information concerning:

a.   Dr. Sadat's performance as a resident and employee in the Anesthesia Program and his completion of the Anesthesia Program requirements;

b.   Dr. Sadat's disability or medical condition as stated in the Amended Complaint;

c.   any request for or accommodation made by Dr. Sadat or provided by defendants;

d.   Dr. Sadat's leaves of absence from the Program, including receiving requests for, considering, deciding or taking action concerning leaves, and the refusal to provide or extend plaintiff's leave;

e.   communications or attempted communications including between or among plaintiff, defendants, the Anesthesia Program, OGME, HR, ACGME, and ABA concerning plaintiff's status in leave, from, return to, or expiration of appointment or contract with, the Anesthesia Program;

f.   termination of plaintiff from the Anesthesia Program;

g.   denial of readmission to plaintiff, including (i) determining the process by which his application or reapplication was required, considered, evaluated, and decided upon, and (ii) considering, reviewing, evaluating, or deciding plaintiff's application for readmission to the Anesthesia Program.

h.   qualifications of other candidates for residency positions in the Anesthesia Program for the 2017-2018 academic year, to whom plaintiff was compared in the denial of readmission to plaintiff, and who were offered interviews instead of plaintiff.

**Response to Interrogatory No. 2:**

Defendants object to Interrogatory No. 2 on grounds that it is vague and ambiguous as the

5

terms "knowledge or information, made decisions, were involved, witnessed, [and] participated in" are not defined. Defendants further object to this interrogatory on grounds that it is overbroad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs of the case. Defendants further object to Interrogatory No. 2 (a) thru (g) on grounds that the information sought is duplicative of information disclosed in the Initial Disclosures. Defendants further object to Interrogatory No. 2(d) and (f) on grounds that it incorrectly assumes that Plaintiff was denied leave or an extension thereof and that Plaintiff was terminated from the Anesthesiology Program. Defendants further object to Interrogatory No. 2(e) and (h) to the extent that it calls for the production of information not in Defendants' possession, custody, or control, and is more appropriately directed at other or non-parties. Defendants further object to Interrogatory No. 2(e) on grounds that it seeks documents and information in Plaintiff's custody and control. Defendants further object to Interrogatory No. 2(h) to the extent it impacts the privacy interests of non-parties. Subject to these objections and to the General Objections, Defendants refer Plaintiff to Sections A and B of Defendants' Initial Disclosures and to Plaintiff's Personnel File produced as SUNY 100-423 of their Initial Disclosures for information that is responsive to Interrogatories 2(a) thru (g). Subject to these objections and to the General Objections, Defendants will not provide a response to Interrogatory No. 2(h).

**Interrogatory No. 3:**

Identify all persons or entities with whom each of the individual defendants communicated concerning any of the matters in Interrogatories 2a-h above.

**Response to Interrogatory No. 3:**

Defendants object to Interrogatory No. 3 on grounds that it is vague and ambiguous as it fails to specify a relevant timeframe, it is overbroad, unduly burdensome, and it seeks information

that is not relevant or proportional to the needs of the case. Subject to these objections and to the General Objections, Defendants refer Plaintiff to Sections A and B of Defendants' Initial Disclosures and to Plaintiff's Personnel File produced as SUNY 100-423 of their Initial Disclosures for information that is responsive to this interrogatory.

**Interrogatory No. 4:**

Identify all residents in the Anesthesia Program and Residency Programs during the time period from 2011 through the 2017-2018 academic year:

a.   who took a leave of absence, the kind of leave taken and when taken;

b.   who did not return or arrange for return following a leave of absence, including the circumstances of not returning and any action the Anesthesia Program or Residency Program took with respect to the resident;

c.   who were notified their appointment and contract were not renewed, and the date(s), circumstances, and reasons for such action;

d.   who did not respond to communications or notices, including about non-renewal, from the Anesthesia Program or Residency Program, including those whose status or continuation as a resident was in any way adversely affected because of not responding.

e.   who were required to reapply to continue residency after or because of taking a leave of absence, the imposition of discipline, or their suspension from the Anesthesia Program or Residency Program.

**Response to Interrogatory No. 4:**

Defendants object to Interrogatory No. 4 to the extent it impacts the privacy interests of non-parties. Defendants further object to this interrogatory on grounds that it seeks information that is protected from disclosure by the Family Medical Leave Act, 29 U.S.C. § 2601, it is overly

broad, unduly burdensome, and it seeks information that is not relevant or proportional to the needs

of the case. Subject to these objections and the General Objections, Defendants will not produce

documents responsive to this request.

**Interrogatory No. 5:**

Identify:

a.   defendants' interactive process for receiving, considering, deciding, and taking action

concerning disabilities, reasonable accommodation including leaves, and requests for reasonable

accommodation of Anesthesia Program residents, and for implementing policies and procedures

concerning the foregoing;

b.   personnel, employees, or academic officers in the Anesthesia Program, GMEO, and

HR who engage in or are responsible for defendants' interactive process concerning Anesthesia

Program residents;

c.   personnel, employees, or academic officers in the Anesthesia Program, GMEO, and

HR who communicate with and are responsible for communications with the ACGME and ABA

concerning residents in the Anesthesia Program;

d.   members of any committee or other persons who decided defendants' refusal to provide

or extend plaintiff leave, the termination of plaintiff from the Anesthesia Program, or the denial of

readmission to plaintiff to the Anesthesia Program.

**Response to Interrogatory No. 5.**

Defendants object to Interrogatory No. 5 on grounds that it is vague and ambiguous as it

fails to specify a relevant timeframe, it is overbroad, unduly burdensome, it seeks information that

is not relevant or proportional to the needs of the case, and the information sought is duplicative

of information disclosed in the Initial Disclosures. Defendants further object to Interrogatory No.

5(a) on grounds that it exceeds the scope of discovery permitted by Local Rule 33.3(a). Defendants further object to interrogatory 5(d) on grounds that it incorrectly assumes that Plaintiff was denied leave or an extension thereof and that Plaintiff was terminated from the Anesthesiology Program. Subject to these objections and to the General Objections, Defendants refer Plaintiff to Sections A and B of Defendants' Initial Disclosures and to Plaintiff's Personnel File produced as SUNY 100-423 of their Initial Disclosures for information that is responsive to interrogatory 5(b) thru (d). To the extent Plaintiff's Document Requests seek documents concerning the information sought in interrogatory 5(a), Defendants refer to their responses to those requests.

**Interrogatory No. 6:**

Identify:

a.   all persons defendants intend to call as a witness at trial in this action, and state the nature of the testimony to be elicited;

b.   all persons defendants intend to call as an expert witness at trial in this action, and state the nature of the testimony to be elicited;

c.   all expert witnesses defendants have consulted concerning the claims in this action;

d.   all persons who were involved in the preparation of the responses to the Interrogatories herein, identifying the specific Interrogatories with which each person was involved; and

e.   all persons who were involved in the preparation of the responses to Plaintiff's First Request for Documents, identifying each specific Document Request with which each person was involved.

**Response to Interrogatory No. 6:**

Defendants object to Interrogatory 6(a) thru (c) on grounds that neither the Federal Rules of Civil Procedure, Local Rules of the Southern District of New York, nor the scheduling order

issued in this action require the disclosure of witnesses nor expert witnesses at this time. Subject to these objections and the General Objections, Defendants state that they have not yet determined whom to call as witnesses or whether to call an expert witness at trial, and will comply with the applicable rules and court orders concerning expert disclosure and discovery. Defendants object to Interrogatory 6(d) and (e) on grounds that it is vague and ambiguous as the term "involved in" is not defined, it calls for the production of information that is protected from discovery by the attorney-client privilege and the attorney work product doctrine. Subject to this objection and the General Objections, Defendants will not provide any information responsive to Interrogatory 6(d) and (e).

Dated:  New York, New York
        December 19, 2019

<div style="margin-left: 40%;">

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

By:
_____/s/_____

Johane Severin
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8565

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I served by email the foregoing Objections

and Responses to Plaintiff's First Set of Interrogatories upon Herbert Eisenberg and Julian

Birnbaum, counsel for plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 19, 2019

                                          /s/ JOHANE SEVERIN
                                     Johane Severin