# EISENBERG & SCHNELL LLP

ATTORNEYS AT LAW

HERBERT EISENBERG
LAURA S. SCHNELL

JULIAN R. BIRNBAUM
Of Counsel

By ECF

February 6, 2020

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
New York, New York

Re: *Sadat v. SUNY Upstate Medical University, et al.*, No. 19 cv 5053 (JMF)

Dear Judge Furman:

We represent plaintiff Mohammed Sadat, M.D. and write regarding discovery disputes that we have been unable to resolve. Plaintiff previously brought this matter to the Court's attention in ECF No. 48 and defendants responded in ECF No. 49.[1]

<u>Defendants' objections to comparator discovery.</u> Defendants have yet to provide information and personnel files for medical residents in their Anesthesia Residency Training Program and their other residency training programs with respect to leaves of absence, accommodations, post-leave reinstatement requirements, advancement (without reapplication through the "national residency match" which was required of plaintiff), and separation. Despite the Court's Confidentiality Order that prohibits disclosure of this "Highly Confidential" information to even plaintiff, defendants have now offered (but have yet) to provide discovery for medical residents who had taken *only* FMLA-related leaves, i.e., FMLA, medical, disability, maternity, and paternity leaves, but not leaves of absence related to military service or for

---

[1] Plaintiff's counsel spoke with defendants' counsel Johane Severin, Esq., by phone on December 26, 2019 and January 10, 13, and 14, 2020 regarding Defendants' Objections to Plaintiff's First Request for the Production of Documents (attached as Exhibit A to ECF No. 48) and Objections and Responses to Plaintiff's First Set of Interrogatories (Exhibit B to ECF No. 48) that defendants served December 19, 2019. Plaintiff provided supporting authority on December 30, 2019. After the Court entered the proposed Confidentiality Stipulation and Protective Order ("Confidentiality Order") but declined to reach the comparator evidence dispute (ECF Nos. 52, 53), the parties conferred by correspondence on January 29, 30 and by phone on February 3 and 5, 2020 (*see* Exhibit A attached hereto) but were unable to agree upon the issues herein.

To compare plaintiff's treatment with others, he requested comparator information detailed in ECF No. 48 n.2. Part of the comparator request asked for files and information about comparator applicants when plaintiff was required to apply for readmission through the "match" to the Anesthesia Residency Program. Defendants respond that they retain only the files of applicants who were accepted and enrolled, which they will (but have yet to) produce, but do not retain or have access to information of others. They have also said they do not have any documentation of their selection criteria, evaluation and rank order of candidates, or other similar information.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE 212.966.8900
FAX   212.966.2505
eisenbergschnell.com

immigration or visa related issues.[2] In essence conceding its probative value, defendants have alternatively offered to provide information for comparators with all types of leaves but *only* for Anesthesia and a handful of other programs of their own selection. Defendants' attempt to draw any distinction between these leaves of absences is not persuasive.

Defendants distinguish military leaves, arguing they are legally required and protected so that a resident called to active duty whose renewable one-year term appointment (as all trainees including plaintiff have) expires during the leave period must still be reinstated to their position at the end of the leave even though their appointment has ended. That circumstance is not different from plaintiff's pre-approved medical disability leave since both leaves of absence result in the resident missing continuous clinical training and could occur during the time the respective annual appointment ends. The effect is the same, with the resident having to make up missed training upon return. The applicable federal and state disabilities laws require reasonable accommodation, including leave and an interactive process under the Americans With Disabilities Act ("ADA") (which defendants here failed to perform), and prohibit the employer-educational institution from retaliating against the resident for taking leave. 42 U.S.C. §§12112, 12132, 12203(a). Additionally, military leave does not provide an absolute right to return. *See* Regulations Under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §4331(a), e.g., 20 C.F.R. §1002.115 (requirement to timely report or submit application for reemployment); §1002.117(b) (employee who fails to timely report or reapply becomes subject to general practices of employer pertaining to absence); §1002.139(a) (employer excused from reemployment obligation if unreasonable or reduction in force); §1002.139(b) (excused where undue hardship for employer); and §1002.139(c) (excused where prior position was for brief, nonrecurrent period and no reasonable expectation employment would continue indefinitely or for a significant period). Defendants' position (with which plaintiff disagrees) that a resident is appointed for an annual term appointment *only* without a reasonable expectation of continued employment beyond the year, could implicate 20 C.F.R. §1002.139(c), making a resident's reemployment situation under USERRA similar to that under the ADA, so that plaintiff is substantially similar to those comparators.

Defendants also contend that FMLA-related leaves are more readily identifiable since the HR office records, lists, and reports them, but does not do so for the visa and military leaves, which can only be identified by the Graduate Medical Education Office examining the files of all approximately 600 residents during the parties' agreed relevant time period. Even if HR may not make particular reports of such leaves, there are records of them since they have periods of non-employment that must be reflected in payroll information. As defendants have alternatively proposed providing information on all leaves for a small number of programs, they could also

---

[2] Defendants have not provided the actual information and documents yet, but have only provided partial numbers of residents with such leaves. According to what defendants have told us so far, there were approximately twelve residents in all specialty programs including five in Anesthesia, who took FMLA-related leaves in 2016-18. This information comes from the central HR office that administers leaves for residents who are both SUNY Upstate employees as well as trainees in their residency programs. The numbers of comparator medical residents is wholly manageable and the information as to them wholly proportionate for discovery purposes given the significance of comparator information.

EISENBERG & SCHNELL LLP

inquire of departmental residency program directors who would know if any of their residents had taken any such leaves in the relevant period. Alternatively, the Graduate Medical Education Office could make the files available for plaintiff counsel's inspection, and counsel could review and identify what we believe are the relatively small number of applicable residents. We have agreed to go to Syracuse for this purpose as we have also agreed to go there to take several depositions.

With respect to information about comparators who had not taken any leave of absence, defendants have also refused to produce requested information for residents in the Anesthesia and other medical specialty programs about advancement, completion of requirements, response to communications, discipline, reapplication for successive years, and separation or termination from residency (ECF No. 48, n.2). This information is necessary to compare the treatment of plaintiff who was terminated and was required to reapply for what would have been his third and final year of training despite his successful performance during his first two years of Anesthesia residency training, and his prior two years of successful Surgery training at SUNY Upstate.

<u>Defendants' failure to produce other documents</u>. In addition, defendants have failed to produce documents they agreed to produce subject to entry of the Confidentiality Order, which the Court entered on January 22, 2020. These include the files of applicants who were accepted into the first year of the Anesthesia program when plaintiff was required to reapply in the same match pool for his third year. These documents were first requested November 19, and the parties are scheduling depositions in mid-March. These documents are long overdue, necessary for our preparation, and there is no legitimate reason to withhold them.

To the extent that intervention by the Court is necessary for SUNY Upstate to take its obligations seriously and to provide what it has agreed and what ought be required, plaintiff respectfully asks for a conference as soon as possible to resolve the above issues.

Respectfully submitted,

Herbert Eisenberg

Encls.

cc: Johane Severin, Esq. (by ECF)

EISENBERG & SCHNELL LLP