**Julian**

**From:** Julian <jbirnbaum@eisenbergschnell.com>
**Sent:** Thursday, January 30, 2020 5:33 PM
**To:** 'Severin, Johane'
**Cc:** 'HERBERT EISENBERG'
**Subject:** RE: Sadat v. SUNY Upstate

Dear Johane,

Thank you for your prompt reply.  We address your points in order.

    1.    While willing to receive comparator information requested, first for anesthesia residents as soon as possible since they have been identified, we cannot agree to limit comparators to *only* anesthesia residents.  All SUNY residents are subject to the same applicable laws, the same Upstate policy and procedures regarding leaves, the same HR policies and procedures, the same Upstate GME Office policies and procedures, and compliance with ACGME requirements.

    We cannot agree to limit the comparator information to only FMLA or FMLA-related leaves.  As you know, this is not an FMLA case.  There is no reason to treat that kind of leave differently from disability, military, and other leaves or interruptions in situations of continuing residency training.  Each type of resident leave of absence, as well as each respective resident medical specialty, is subject to the above policies.  Each generates HR employment related documentation.  Presumably, HR tracks non-FMLA leaves as well since those impact employment as well as training.  If the first identification of other residents who took leave can come from HR (similar to your requesting our "agreeing that the GME Office would pull only the files of residents who were granted FMLA-related leave *through HR*)," then HR could first identify the other leaves so that the GME Office would have to pull *only* those files rather than the entire universe of 600 or so residents.

    We served these requests November 19, 2019.  Because the deposition schedule now looks like March when your deponents are available, we must resolve this discovery issue now to obtain this information and conduct depositions or other discovery within the Court ordered discovery period.  Please let us know by Monday whether you will provide the requested comparator information so that if necessary we can seek judicial intervention.  If you will not produce the other requested information that we raised in our letter to the Court dated January 14, 2020 at 1, to which you objected in your letter dated January 17, 2020 at 1-2, we intend to seek a decision from Judge Furman for those requests also.

    We would agree to limit the time period to the 2013-14 academic year when Dr. Sadat commenced training in anesthesia through the 2017-18 academic year when he could have completed his residency.

    2.    We will find out Dr. Sadat's availability the week of March 16 and other dates.

    3.    With respect to other deposition dates,

        we propose Dr. Thomas and Dr. Lopez for March 17;

        we propose the Syracuse depositions for March 19 and 20;

        please identify the R. 30(b)(6) deponent(s) and let us know their earliest availability.  We would like to take that deposition first.

**Redacted for Confidential Mediation**

**Exhibit A**

**Redacted for Confidential Mediation**

Julian and Herb

Julian R. Birnbaum
Eisenberg & Schnell LLP
The Woolworth Building
233 Broadway, Suite 2704
New York, New York 10279
Phone  (212) 966-8900
Fax      (212) 966-2505
jbirnbaum@eisenbergschnell.com
eisenbergschnell.com

This message is intended only for the individual or the entity to whom it is addressed, and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law.  If the reader of this message is not the stated recipient, or employee or agent responsible for delivering the message to the stated recipient; you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and return the original to us via E-mail and U.S. mail.  Thank you

**From:** Severin, Johane <Johane.Severin@ag.ny.gov>
**Sent:** Wednesday, January 29, 2020 7:39 PM
**To:** Julian <jbirnbaum@eisenbergschnell.com>
**Cc:** 'HERBERT EISENBERG' <heisenberg@eisenbergschnell.com>
**Subject:** RE: Sadat v. SUNY Upstate

Dear Herb and Julian —

Thank you for your correspondence.

1. To give us a sense of the potential sample size, SUNY provided a list of medical residents who took FMLA-related leave in 2016/2017 and 2017/2018. This was the number I shared with Julian.

    My understanding is that HR's list was easier to compile because it regularly maintains reports with this information. The Graduate Medical Education Office, however, has to manually pull every resident's file to determine who took a leave of absence and why. Because there are approximately 600 residents in SUNY Downstate's residency programs, the GME Office was only able to provide leave information for residents in the anesthesiology program for that time period.

    So that we can get you the information you seek as soon as possible, would you consider (a) narrowing your request by limiting the number of years you seek and (b) agreeing that the GME Office would pull only the files of residents who were granted FMLA-related leave through HR?

(a) As for the date range, since Dr. Sadat took a leave of absence in 2015, perhaps we can go two years back (i.e. the 2013/2014 academic year) and two years forward (i.e. the 2017/2018 academic year)?

(b) It is my understanding that residents take leaves of absence from the program for reasons that are unrelated to the FMLA. Such reasons include military-related leave (as listed in your definitions) and delays related to immigration status (delays in visa issuance, for example). Would you consider limiting your requests to FMLA-related leaves of absence? This way, the GME Office can pull the files of the residents who appear on HR's FMLA list and we would be looking at Dr. Sadat's direct comparators.

2. I am not prepared to depose Dr. Sadat on February 21st. What is Dr. Sadat's availability in March? My preference would be the week of March 16th.

3. Dr. Thomas has asked that his deposition be scheduled in March. He has to cover a number of shifts because of a staff shortage in the anesthesiology department in February and he will be out of the country the last week in February. He has represented to me that he will have much more flexibility in early March because he will have fewer professional obligations. I am available the week of March 2nd, March 13th, and the week of March 16th.

I can ask Dr. Lopez about his availability on February 20th. I suspect that date is likely to be a challenge given the above-referenced staff shortage and his attendance at yesterday's mediation. Are there other dates that you can propose?

I have another deposition scheduled February 28th and will not be available on that date. Traveling to Syracuse that week will be a challenge for me as well because I have prep sessions already scheduled.

I would like to point out that, when I first informed you that I would seek an extension from the court, we agreed that we would hold dates the weeks of February 10th and the 17th for depositions just in case the extension was not granted. At the time, I explained the issue regarding the staff shortage and even asked that we try to accommodate Dr. Zhang. After the Court granted my request for an extension, you told me that you were speaking with court reporters and trying to make the necessary arraignments to take the depositions. We agreed to talk again and identify dates that work for us and I, in turn, would inquire about the deponents' availability based on the dates we had identified. In that spirit, would you consider deposing Drs. Lopez and Thomas some time the first week in March (or later) and deposing the non-parties the week of March 16th or the 23rd (or a bit later)?

**Redacted for Confidential Mediation**

Redacted for Confidential Mediation

I look forward to hearing back from you,

**Johane Severin | Assistant Attorney General**
New York State Office of the Attorney General
28 Liberty Street| New York, NY 10005
Tel: (212) 416-8565 | Johane.Severin@ag.ny.gov

**From:** Julian <jbirnbaum@eisenbergschnell.com>
**Sent:** Wednesday, January 29, 2020 5:33 PM
**To:** Severin, Johane <Johane.Severin@ag.ny.gov>
**Cc:** 'HERBERT EISENBERG' <heisenberg@eisenbergschnell.com>
**Subject:** Sadat v. SUNY Upstate

[EXTERNAL]

Hi, Johane,

Please see attached – thanks.

Julian and Herb

Julian R. Birnbaum
Eisenberg & Schnell LLP
The Woolworth Building
233 Broadway, Suite 2704
New York, New York 10279
Phone  (212) 966-8900
Fax     (212) 966-2505
jbirnbaum@eisenbergschnell.com
eisenbergschnell.com

This message is intended only for the individual or the entity to whom it is addressed, and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If the reader of this message is not the stated recipient, or employee or agent responsible for delivering the message to the stated recipient; you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and return the original to us via E-mail and U.S. mail. Thank you

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# EISENBERG & SCHNELL LLP
ATTORNEYS AT LAW

By e-mail

HERBERT EISENBERG
LAURA S. SCHNELL

January 29, 2020

JULIAN R. BIRNBAUM
Of Counsel

Johane Severin, Esq.
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005

Re:   *Sadat v. SUNY Upstate Medical University, et al.*, No. 19 cv 5053 (JMF)

Dear Johane,

    We write regarding several discovery items.

    1. As the Court has entered the Confidentiality Stipulation and Protective Order ("Order"), please produce the documents that you previously stated would be provided upon entry of the Order as soon as possible. We need these documents to prepare and to enable us to proceed with depositions as proposed below.

    2. With respect to the comparator documents on which the Court did not rule, we reiterate our request for those in light of the additional protections under the Order and your detail that there were a relatively small number of leaves of absence. Accordingly, this information should be manageable to provide.

    3. You noticed Dr. Sadat's deposition for February 21, 2020. Please let us know if that date is still good for you. We will make certain that he can appear then and confirm with you.

    4. We propose February 20 for the depositions of Dr. Thomas and Dr. Lopez in New York City. We believe these depositions will not take more than half a day each.

    5. With respect to the depositions of non-party witnesses, we agree to take those in Syracuse. We propose February 27 and 28 to take as many of those as we can on those dates. Please let us know as soon as possible which deponents are available on those dates, and we will make arrangements As soon as we confirm the dates, we will overnight deposition subpoenas to Mr. Sierotnik for accepted service.

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2704
NEW YORK, NEW YORK 10279

PHONE 212.966.8900
FAX   212.966.2505
eisenbergschnell.com

Johane Severin, Esq.
January 29, 2020
Page 2

      6. We will deliver tomorrow the remaining medical records received for Dr. Sadat, nos. Sadat 258 - 281. Plaintiff designates these and his other previously produced medical records nos. Sadat 174-253 as "Confidential" documents.

### Redacted for Confidential Mediation

      Sincerely,

*Julian R. Birnbaum*

Julian R. Birnbaum
Herbert Eisenberg

EISENBERG & SCHNELL LLP

# Julian

| | |
|---|---|
| **From:** | Julian <jbirnbaum@eisenbergschnell.com> |
| **Sent:** | Monday, December 30, 2019 12:43 PM |
| **To:** | 'Severin, Johane' |
| **Cc:** | 'HERBERT EISENBERG' |
| **Subject:** | Sadat v. SUNY discovery |

Dear Johane:

    Following our meet and confer telephone discussion on December 26, we request you look at the following authority to reconsider defendants' refusal to produce information regarding its selection standards and process, and comparators information for other anesthesia and other programs residents, and your proposal to designate such information as "highly confidential" so that plaintiff may not see it.

    Both selection process and standards, and comparators information, are proper subjects of discovery despite defendants' objections surrounding the confidential nature of such information. *See, e.g., Univ. of Pa. v. EEOC*, 493 U.S. 182, 193 (1990); *Grutter v. Bollinger*, 539 U.S. 306 (2003). Plaintiff's need for this information in order to prosecute his claims, and defendants' defense that Dr. Sadat did not merit readmission, put this information at issue in a discrimination case and outweigh confidentiality interests. *See, e.g., Adkins v. Christie*, 488 F.3d 1324, 1329-31 (11th Cir. 2007).

    Comparison to others is a well settled method of showing discriminatory disparate treatment. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000) (treatment of comparators relevant to probity of defendants' explanation of its actions and reasons); *Carris v. First Student, Inc.*, 682 Fed. Appx. 30, 32-33 (2d Cir. 2017) (summary order) (factual development necessary to determine comparability); *Vuona v. Merrill Lyncy & Co.*, No. 10 Civ. 6529 (PAE), 2011 U.S. Dist. LEXIS 131491, *12 (S.D.N.Y. Nov. 15, 2011) (discovery helps identify proper comparators). Whether comparators are similarly situated is a question of fact. *Graham v. Long Island Rail Road*, 230 F.3d 34, 39 (2d Cir. 2000). Residents in other medical specialty programs are proper comparators. *See, e.g., Adkins*, 488 F.3d at 1329-31 (comparison to all physicians in hospital proper where infractions arose from hospital-wide rules and plaintiff entitled to compare general standard for physicians and context of larger disciplinary practices of hospital in order to establish different treatment); *Varughese v. Mt. Sinai Med. Ctr.*, No. 12 Civ. 8812 (CM) (JCF), 2015 U.S. Dist. LEXIS 43758, *135 (S.D.N.Y. March 27, 2015) (other resident or doctor who behaved in same way as physician plaintiff would be similarly situated in respect to comparison of positions), *aff'd on other grounds*, 2017 U.S. App. LEXIS 12123, 2017 WL 2889483 (2d Cir. July 7, 2017); *Jauhari v. Sacred Heart Univ., Inc.*, No. 3:16CV00680 (AWT), 2017 U.S. Dist. LEXIS 29441, *9-12, 16-17 (D.Ct. March 2, 2017) (professor granted discovery of applicants in other departments).

    We ask that defendants provide authority for their proposed refusal to let Dr. Sadat see such information. Defendants have failed to show why the information should not be disclosed. The terms of plaintiff's proposed confidentiality order are sufficient protection against any improper disclosure. There is no legitimate rationale to restrict plaintiff. *Garner v. City of New York*, No. 17-CV-843 (JGK) (KNF), 2018 U.S. Dist. LEXIS 180072, *15-16 (S.D.N.Y. Oct. 17, 2018) (where good cause not established to issue protective order no basis exists for restricting plaintiff's access on attorneys'-eyes-only basis). Preventing plaintiff's access will unduly interfere with his ability to prosecute his case and assist counsel in preparation of the case, which involves technical and medical issues. *See, e.g., Gryphon Dom. VI, LLC v. APP Intl. Fin. Co., B.V.*, 28 A.D.3d 322, 325-26 (1st Dept. 2006) (designation of attorneys' eyes only prevents counsel from fully discussing with clients all relevant information to properly present case); New York City Bar Committee Report, "Highly Confidential – Attorney's Eyes Only" Designations: Comments, Nov. 22, 2019, https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/highly-confidential-attorneys-eyes-only-designations-comments).

1

Therefore, we request defendants reconsider their refusal.

Thank you – and Happy New Year!

Herb and Julian

Julian R. Birnbaum
Eisenberg & Schnell LLP
The Woolworth Building
233 Broadway, Suite 2704
New York, New York 10279
Phone  (212) 966-8900
Fax      (212) 966-2505
jbirnbaum@eisenbergschnell.com
eisenbergschnell.com

This message is intended only for the individual or the entity to whom it is addressed, and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If the reader of this message is not the stated recipient, or employee or agent responsible for delivering the message to the stated recipient; you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and return the original to us via E-mail and U.S. mail. Thank you