

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 11, 2020

**VIA ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

Re: *Sadat v. SUNY Upstate Medical University, et al.*, 19-cv-5053 (JMF)

Dear Judge Furman:

      This Office represents Defendants State University of New York ("SUNY") s/h/a State University of New York Upstate Medical University ("SUNY Upstate"),[1] Mantosh Dewan, M.D., P. Sebastian Thomas, M.D., and Carlos J. Lopez, M.D. (collectively "Defendants") in the above-referenced matter. I write pursuant to Section 2(C) of Your Honor's Individual Practice Rules to respond to Plaintiff's letter motion seeking the Court's intervention to resolve a discovery dispute. (Docket No. 54.)

      In this action, Plaintiff alleges that he was terminated from SUNY Upstate's anesthesiology residency program and denied readmission because of his disability and in retaliation for taking a medical leave of absence as an accommodation for his disability. Plaintiff alleges violations of Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12117(a), 12203(a), *et. seq.*; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12203(a), *et. seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) *et. seq.*; and the New York State Human Rights Law, N.Y. Exec. §§ 296(1)(a), (6), and (7).

      To prove his claims of discrimination and retaliation, Plaintiff seeks (1) the personnel files of medical residents, including information regarding their requests for leave or accommodations and the circumstances surrounding any of these individuals' separation from their residency

---

[1] As a subdivision of The State University of New York ("SUNY"), the Upstate Medical Center is not a legally cognizable entity separate from SUNY. *See* N.Y. Educ. Law §§ 351 and 352; *Daniel v. American Bd. Of Emergency Medicine*, 988 F. Supp. 127, 175 (W.D.N.Y. 1997) (discussing the legal status of a SUNY university hospital). Therefore, SUNY is the sole proper institutional defendant in this action.

programs; and (2) the records of applicants who sought admission to SUNY Upstate's anesthesiology residency program when Plaintiff reapplied to the program.[2]

Plaintiff is not entitled to the personnel files of all medical residents at SUNY Upstate who took a leave of absence for any reason between 2013 and 2018. That request is overly broad, unduly burdensome, seeks irrelevant information, and is not proportional to the needs of the case.

When ruling on motions to compel discovery of comparator evidence, courts within the Second Circuit permit discovery only when the purported comparators satisfy the "similarly situated in all material respects" standard. *See, e.g., Barella v. Village of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y. Nov. 8, 2013) (in Title VII action, permitting discovery of personnel files of 24 non-party individuals on grounds that they were all evaluated by the same individual); *Metcalf v. Yale University*, 2017 WL 627423, at *4 (D. Conn. Feb. 15, 2017) (in age discrimination case, permitting discovery where comparators were "subject to the same workplace standards and disciplinary procedures"); *Yoo v. Actimize, Inc.*, 2014 WL 1087974, at *1 (in disability discrimination case in which plaintiff alleges he was denied a reasonable accommodation for a mental disability, finding that the Magistrate Judge's Order limiting discovery to reasonable accommodation requests for mental health disabilities was proper); *Sasikumar v. Brooklyn Hosp. Center*, 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) (in employment discrimination case, allowing discovery of personnel files of 13 other employees who performed similar tasks, were subjected to the same performance standards, and were evaluated by the same supervisors).

"[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). To determine whether a plaintiff and his/her purported comparators are similarly situated, courts in the Second Circuit are to evaluate (1) whether they were subject to the same workplace standards and (2) whether the conduct for which the employer imposed discipline was of comparable seriousness. *Id*. Plaintiff's discovery demands go well beyond this standard.

Plaintiff seeks discovery of documents and information about individuals who (1) are not disabled; (2) never requested medical leaves pursuant to the Family and Medical Leave Act ("FMLA"); (3) were not residents in the anesthesiology residency program and therefore (4) were subject to different program requirements, evaluation criteria, and supervision. Such individuals are therefore not appropriate comparators, and the information sought is not relevant. Despite Second Circuit precedent establishing that the information sought by Plaintiff is not relevant, Plaintiff has rejected multiple compromises offered by Defendants. For example, Defendants have offered to provide the personnel files of all anesthesiology residents who took medical leaves of absence, including parental leave, between academic years 2013/2014 and 2017/2018, a reasonable offer that adheres to the guidelines outlined in *Graham*.

---

[2] On February 5, 2020, prior to Plaintiff's filing his letter, Defendants informed Plaintiff that Defendants will produce the application files of the individuals who matched and accepted an appointment in SUNY Upstate's anesthesiology residency program the year that Plaintiff applied for readmission by the end of this week. SUNY does not keep or have access to the application files of prospective residents who did not match at SUNY Upstate or who accept residency positions elsewhere.

Hon. Jesse M. Furman                                                                                                                   Page 3
February 11, 2020

      Further, Plaintiff's request for the personnel files of any resident from any program who took a leave of absence for any reason between 2013 and 2018 fails to meet Rule 26(b)'s proportionality criteria. As Defendants have explained to Plaintiff, SUNY Upstate has 49 residency programs and approximately 600 residents. Although SUNY Upstate's Department of Human Resources ("HR") maintains reports identifying employees who were granted medical leaves of absence, there are no central records documenting other types of leaves of absence.[3] Accordingly, to comply with Plaintiff's requests, the six-person GME Office staff would have to manually review the files of all 600 residents over the course of a five-year period to identify which residents took any kind of leave absence, whether for medical reasons, military deployments, immigration-related delays, or unspecified personal reasons.

      Plaintiff's proposal that Defendants "inquire of departmental residency program directors who would know if any of their residents had taken any such leaves," Docket No. 54 at p. 2, dismisses the realities of those who serve in that capacity. Defendants cannot merely rely on the memories of over-extended Residency Program Directors who invariably serve not only as Residency Program Directors but also as faculty members and practicing physicians. For one thing, these Program Directors may not have served in those roles during the relevant time period. Further, it is improper and in violation of Rule 26 to impose such an onerous burden on non-parties to investigate information that is not relevant or proportional to the needs of this case.

      To balance the burden of Plaintiff's proposed discovery and meet the proportional needs of this case, discovery should be limited to the files of anesthesiology residents between July 1, 2013 and June 30, 2018 whose medical leave requests were processed by HR. *See Metcalf*, 2017 WL 627423, at *6 (limiting discovery to files maintained by Title IX office because they were "readily accessible and contain the necessary information to determine whether the respondents are similarly situated to the plaintiff."). This will ensure that Defendants produce complete and accurate information that is proportional to the needs of this case.

      We thank the Court for its consideration and attention to this matter.

                                                                    Respectfully submitted,

                                                                    /s/ JOHANE SEVERIN
                                                                    Johane Severin
                                                                    Assistant Attorney General
                                                                    (212) 416-8565

cc: Counsel of Record (by ECF)

---

[3] Residents' files are also maintained by the Graduate Medical Education Office ("GME Office"). Working in concert with the various Residency Program Directors, the Graduate Medical Education Office staff monitors residents' performance in their respective training programs and ensures that the programs comply with the standards set by the Accreditation Council for Graduate Medical Education. A resident's HR files contain medical leave-related documents while the GME Office files will contain documents and information related to a resident's completion of requirements, advancement, and separation.