STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

March 12, 2020

**VIA ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

Re: *Sadat v. State University of New York Upstate Medical University, et al.*,
19-cv-5053 (JMF)

Dear Judge Furman:

This Office represents Defendants State University of New York ("SUNY") s/h/a State University of New York Upstate Medical University ("SUNY Upstate"),[1] Mantosh Dewan, M.D., P. Sebastian Thomas, M.D., and Carlos J. Lopez, M.D. (collectively "Defendants") in the above-referenced matter. I write with the consent of Plaintiff's counsel and in accordance with Your Honor's Individual Practice Rules to request a stay or an extension of the discovery deadline for the limited purpose of completing the depositions of four of SUNY Upstate's employees in Syracuse. Defendants' request for this stay or extension is necessitated by the emergency measures that are being implemented by SUNY Upstate and the Office of the Attorney General ("OAG") to address concerns related to the Coronavirus.

The deadline to complete discovery in this matter is April 11, 2020. Defendants' previous request for an extension was granted. *See* ECF Dckt. No. 51. The parties are scheduled to appear for a pretrial conference on April 28, 2020.

The parties have diligently scheduled all depositions to conclude in advance of the close of discovery. Specifically, the currently scheduled depositions are: (1) Plaintiff on March 16, 2020 in Manhattan; (2) Defendants Dr. Lopez and Dr. Thomas on March 17, 2020 in Manhattan; (3) Sue Henderson-Kendrick and Dr. Xiuli Zhang on March 19, 2020 in Syracuse; and (4) John Farruggio and Dr. Danielle Katz on March 20, 2020 in Syracuse. The parties plan to hold the

---

[1] As a subdivision of The State University of New York ("SUNY"), the Upstate Medical Center is not a legally cognizable entity separate from SUNY. *See* N.Y. Educ. Law §§ 351 and 352; *Daniel v. American Bd. Of Emergency Medicine*, 988 F. Supp. 127, 175 (W.D.N.Y. 1997) (discussing the legal status of a SUNY university hospital). Therefore, SUNY is the sole proper institutional defendant in this action.

Hon. Jesse M. Furman  Page 2
March 12, 2020

depositions that are currently scheduled to take place in Manhattan.

One of the deponents whose deposition will be held in Syracuse is SUNY Upstate's Human Resources Benefits Manager, John Farruggio, who will testify as one of SUNY's 30(b)(6) witnesses. He and SUNY Upstate's senior Human Resources staff have been having daily planning meetings to discuss the hospital's operations and staffing as they prepare to deal with Coronavirus, both as an employer of over 10,000 people, and as the major health care provider in the region. Farruggio has also been advising the university and the medical center's managers whose staff members have recently returned from countries affected by the Coronavirus and who have been advised to self-quarantine.

Two of the other four deponents are Dr. Danielle Katz, the Associate Dean, and Sue Henderson-Kendrick, the Director of SUNY Upstate's Graduate Medical Education Office ("GME Office"). The six staff members in the GME Office are tracking the international travel of SUNY Upstate's 640 medical residents. In addition, the National Resident Matching Program is scheduled next week. SUNY Upstate will learn which applicants to their residency programs have matched at SUNY Upstate. Approximately 25% of SUNY Upstate's first-year medical residents are typically international students who require visas. As the GME Office's senior leaders, Dr. Katz and Henderson-Kendrick, are working with the individual residency programs to determine (1) what steps they need to take to help those who match at SUNY Upstate and will require visas to begin their training in July and (2) how they will address any shortages they may have in the incoming class if those who match in the program are unable to secure a visa.

These medical, logistical, and administrative issues have become a critical priority for the HR staff and the GME Office, including Farruggio, Katz, and Henderson-Kendrick. The rapidly emerging situation has rendered it necessary for these individuals to focus on addressing these issues, resulting in lack of time to prepare or appear for their depositions scheduled next week.

In addition, on March 10, 2020, the Office of the Attorney General instructed its staff to cancel or postpone non-essential travel. Because of the OAG's restrictions on travel, the severe limitations on the availability of three of the four deponents, and the fluidity of the current situation, Defendants respectfully request a stay or a reasonable extension of time to complete these depositions. Defense counsel is scheduled to be out of the office beginning March 23, 2020 through March 30, 2020. The parties can provide the Court with a joint status update by April 3, 2020.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ JOHANE SEVERIN
Johane Severin
Assistant Attorney General
(212) 416-8565