UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED SADAT, M.D.,<br><br>               Plaintiff,<br><br><br>          – v. –<br><br>STATE UNIVERSITY OF NEW YORK<br>UPSTATE MEDICAL UNIVERSITY,<br>MANTOSH DEWAN, M.D. as Interim<br>President of Upstate Medical University, P.<br>SEBASTIAN THOMAS, M.D. as Chair of<br>Anesthesiology of Upstate Medical University<br>and individually, and CARLOS J. LOPEZ,<br>M.D. as Director of the Anesthesiology<br>Residency Program of Upstate Medical<br>University and individually,<br><br>               Defendants. | **SETTLEMENT AGREEMENT,<br>GENERAL RELEASE, AND ORDER<br>OF DISMISSAL WITH PREJUDICE**<br><br>19 Civ. 5053 (JMF) (KNF) |

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF

DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between Plaintiff

MOHAMMED SADAT ("Plaintiff") and Defendant STATE UNIVERSITY OF NEW YORK

(s/h/a State University of New York Upstate Medical University) ("SUNY") (collectively the

"Parties"):

WHEREAS, SUNY Upstate Medical University ("SUNY Upstate") maintains it is not a

legally cognizable entity separate from SUNY, which is the proper institutional defendant in the

above-captioned action; and

WHEREAS, any reference to SUNY in this Settlement Agreement includes all agencies,

departments, and subdivisions thereof, including but not limited to SUNY Upstate;

WHEREAS, on or about June 14, 2017, Plaintiff filed a Charge of Discrimination with

the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2017-

02629 ("EEOC Charge"), with respect to which the EEOC issued a Final Determination dated August 12, 2019 and a Notice of Right to Sue Letter dated September 17, 2019 was issued thereafter; and

WHEREAS, Plaintiff commenced this action, Case Number 19-CV-5053, by filing a complaint in this Court on or about May 30, 2019 (the "Complaint") against Defendants SUNY Upstate, Mantosh Dewan, P. Sebastian Thomas, and Carlos J. Lopez, alleging claims pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12203(a), *et. seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) *et. seq.*; and the New York State Human Rights Law, N.Y. Exec. §§ 296(1)(a), (6), and (7) (ECF Doc. 1); and

WHEREAS, Plaintiff filed an Amended Complaint in this Action on or about October 1, 2019, adding claims pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12117(a), 12203(a), *et. seq.* (ECF Doc. 39); and

WHEREAS, Mantosh Dewan, P. Sebastian Thomas, and Carlos J. Lopez are referred to herein as the "Individual Defendants"; and

WHEREAS, the claims and allegations in the Complaint, the Amended Complaint, the EEOC Charge, together with all related filings and proceedings, constitute the "Action"; and

WHEREAS, SUNY expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, the Parties desire to resolve fully the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other forum, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and SUNY hereby stipulate and agree as follows:

1.    **Dismissal of the Action with Prejudice.**

The Action, including all claims that were or could have been asserted therein, is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 3, except that the Court shall retain jurisdiction to enforce the Settlement Agreement, or if the approvals in Paragraph 6 are not obtained within one hundred twenty (120) days of Plaintiff's submission of the documentation required by this paragraph and paragraphs 6, 7, and 9, then Plaintiff may declare this Settlement Agreement, including the attached Stipulation of Dismissal (Exhibit 1), null, void, and of no further force and effect, and Plaintiff shall have the right to submit an application to the Court to reinstate the instant Action within thirty (30) days of receipt of notice that State approval has not been obtained. If Plaintiff declares this Settlement Agreement null, void, and of no further force and effect, Plaintiff shall voluntarily resign his appointment as a resident in SUNY Upstate's Anesthesiology Residency Training Program within fourteen (14) days of reinstating the instant action. Plaintiff shall submit his letter of resignation to the Graduate Medical Education Office.

2.    **Dismissal of Action Against Individual Defendants.**

Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and deliver to counsel for SUNY a Stipulation and Order in the form annexed hereto as Exhibit 1 (the "Stipulation and Order of Dismissal With Prejudice" as against the Individual Defendants), dismissing with prejudice the Action and all claims asserted therein against the Individual Defendants, in their individual and official capacities pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements or expenses

3

to any of these parties as against the other.

3.      **Payment to Plaintiff and Plaintiff's Attorneys.**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of the Action with prejudice and the execution of the Stipulation and Order of Dismissal With Prejudice as against the Individual Defendants, and other good and valuable consideration as detailed herein, the sufficiency of which is hereby acknowledged, the State of New York on behalf of SUNY shall pay the gross sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00) to Plaintiff and Plaintiff's attorneys as follows:

a.      SUNY shall pay to Plaintiff the gross sum of FORTY THOUSAND DOLLARS ($40,000.00), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages, including but not limited to, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment shall be made payable to Plaintiff Mohammed Sadat and mailed to the law offices of Eisenberg & Schnell LLP, The Woolworth Building, 233 Broadway, Suite 2704, New York, New York 10279.

b.      The State of New York, on behalf of SUNY, shall pay to Plaintiff and Plaintiff's attorneys the gross sum of EIGHTY-FIVE THOUSAND DOLLARS ($85,000.00), for which an I.R.S. Form 1099 Misc. shall be issued to each of Plaintiff and Plaintiff's attorneys in this amount in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, physical injury, damage to reputation, economic damages,

4

punitive damages, liquidated damages, and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff's attorneys or Plaintiff for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Plaintiff Mohammed Sadat and mailed to the law offices of Eisenberg & Schnell LLP, The Woolworth Building, 233 Broadway, Suite 2704, New York, New York 10279.

**4.   Plaintiff's Appointment as an Anesthesiology Resident in the SUNY Upstate Medical University Anesthesiology Residency Program.**

**a.   Plaintiff's Appointment as an Anesthesiology Resident in the Program.**

Plaintiff shall be provisionally appointed as a second-year anesthesiology resident (CA-2/PGY3) in SUNY Upstate's Anesthesiology Residency Training Program (the "Program"), and provisionally salaried as such, subject to SUNY Upstate's Terms of Resident Appointment attached hereto as Exhibit 3, which shall be revised, if necessary, pursuant to the American Board of Anesthesiology's (the "ABA") decision regarding Plaintiff's CA/PGY level as described below. Plaintiff shall report to the Program on August 17, 2020 to complete mandatory Graduate Medical Education ("GME") onboarding requirements, which include, but are not limited to, completing payroll documents, enrolling in SUNY's insurance and retirement programs, obtaining Health Employee clearance and mask fit testing, undergoing drug screening, fulfilling requirements to complete rotations at the Veterans Affairs Medical Center, and completing the on-line portion of electronic medical records training. Plaintiff shall not be remunerated for completing mandatory GME onboarding requirements. Plaintiff shall begin

orientation, for which he will be remunerated, on August 24, 2020 and his first clinical rotation shall begin on August 31, 2020. The Parties agree that (a) a final determination regarding Plaintiff's PGY level and the remaining length and duration of Plaintiff's residency training shall be made by the ABA's Credentialing and Continuing Certification Committee, and (b) Plaintiff's salary shall be adjusted to reflect Plaintiff's CA/PGY level in the Program once the Program is informed by Plaintiff of the ABA's determination. Any salary adjustment shall be retroactive to August 24, 2020. Plaintiff shall give the Program a copy of the ABA's written determination within three (3) business days of receiving the ABA's decision regarding the remaining length and duration of Plaintiff's residency training. Plaintiff acknowledges that he must comply with all of the Program's requirements, including those set forth in SUNY Upstate's policies and procedures, in order to remain in and complete the Program. Plaintiff further acknowledges that appointment to the Program means that he is subject to evaluations, reviews, and performance requirements applicable to anesthesiology residents and that in order to complete the Anesthesiology Residency Program, he must satisfy the Program requirements.

**b.      Letter of Request to the American Board of Anesthesiology's Credentialing and Continuing Certification Committee.**

In accordance with the procedures outlined in the ABA's Absence from Training Policy Guidelines, the Program Director of the Anesthesiology Residency Program at SUNY Upstate Medical University shall submit a letter to the ABA's Credentialing and Continuing Certification Committee within four (4) weeks of Plaintiff's re-appointment to the Program requesting that Plaintiff resume residency training in the CA-2/PGY3 year. The Program shall promptly provide all necessary information requested by the ABA. The parties agree that the ABA has sole discretion to determine Plaintiff's PGY level and the remaining length and duration of Plaintiff's training in the Program, and the Parties shall abide by the terms of the

ABA's determination.

5.      **Reasonable Accommodations.**

Plaintiff acknowledges herein that he is aware of SUNY Upstate's policies regarding requests for reasonable accommodations and avers that going forward he will contact the ADA Coordinator and follow the formal procedures for seeking reasonable accommodations as medically necessary. Plaintiff hereby acknowledges that he may be asked to provide supporting information and documentation regarding any requested accommodations and will provide such information and documentation. Plaintiff further acknowledges that nothing in this Settlement Agreement guarantees him the right to any particular accommodation.

6.      **State Approval of Payments on Behalf of SUNY.**

The payment referenced in Paragraph 3 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other requested documentation with respect to obtaining such approval and effectuating payment, including, but not limited to, the Affidavit of Medicare Eligibility Status attached hereto as Exhibit 2 and any required attachments thereto.

7.      **Accrual of Interest.**

In the event that the payment referenced in Paragraph 3 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of the State of New York ("OAG") of a "So Ordered" copy of this Settlement Agreement, entered on the docket of the Clerk of Court, and the Stipulation and Order of Dismissal against the Individual Defendants (Exhibit 1), together with all other requested documentation, including, but not limited to, that required under Paragraphs 6 and 9 of this Settlement Agreement, and the executed Medicare Affidavit attached hereto as Exhibit 2,

interest on any part of the sum not paid pursuant to Paragraph 3 by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of all required documentation by OAG of all documentation required under Paragraphs 6 and 9 of this Settlement Agreement. In the event the Court does not "So Order" a copy of this Settlement Agreement or the Stipulation and Order of Dismissal With Prejudice as against the Individual Defendants (Exhibit 1), interest on any part of the sum referenced in Paragraph 3 of this Settlement Agreement not paid by the one hundred twentieth (120th) day will run from the time the OAG receives all other documents required under Paragraphs 6 and 9 of this Settlement Agreement. In the event that payment of the settlement payment amount constitutes "funds of a convicted person" within the meaning of N.Y. Exec. Law § 632-a, then the aforementioned one hundred twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8.    **Responsibility for Taxes.**

It is understood and agreed that any taxes, or interest or penalties on taxes on the payment specified in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys. Plaintiff and his attorneys acknowledge and agree that neither SUNY, the State of New York, nor any of their agencies, centers, schools, entities, subdivisions, offices, departments, officers, agents or employees, whether in their individual or official capacities, shall be responsible for any taxes, or interest or penalties on taxes, of any kind which may attach to any settlement amount by operation of law or otherwise. Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against SUNY or the State of New York (including, but not limited to, any and all agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to

8

the Individual Defendants), or agents thereof) on account of any such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless SUNY and the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives) in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

9.      **Medicare Certification.**

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit 2, to the OAG. Plaintiff and Plaintiff's attorney acknowledge and agree that the submission of this Affidavit, and any and all requested supporting documentation to the OAG is a prerequisite to payment of the settlement payment amount and falls within the category of "other requested documentation" described in Paragraphs 6 and 7 of this Settlement Agreement.

10.     **Responsibility for Liens.**

Plaintiff acknowledges and agrees that neither SUNY nor the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, offices, departments, subdivisions, officials, employees (including but not limited to the Individual Defendants), or agents, whether in their individual or official capacities) shall be responsible for any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any

and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) which may attach by operation of law or otherwise to any settlement payment amount referenced in this Settlement Agreement. Plaintiff acknowledges and agrees that he shall have no claim, right, or cause of action against SUNY or the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), or agents, whether in their individual or official capacities) on account of any such liens, setoffs, deductions, or recoupments.

**11.     Liability of Plaintiff for any Medicare Payments and/or Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless SUNY, the State of New York, or their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, regarding any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, the State of New York reserves the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 6 (State Approval of Payments), 7 (Accrual of Interest), and 9 (Medicare Certification), payment of the settlement amount referenced in Paragraph 3 shall be made in accordance with the terms set forth herein.

**12.     Covenant Not to File Claim in Court of Claims.**

Plaintiff warrants and represents that he shall not file or seek permission to file with the New York Court of Claims a claim against SUNY, the State of New York, or their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions that were or could have been asserted in the Action.

13.     **General Release in Favor of Defendant.**

For and in consideration of the payment referenced in Paragraph 3 of this Settlement Agreement, Plaintiff's Appointment as an Anesthesiology Resident in the Program referenced in Paragraph 4.a of this Settlement Agreement, and the Letter of Request referenced in Paragraph 4.b of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges, SUNY and the State of New York, together with all of their present and former agencies, centers, schools, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered

or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, including without limitation the Amended Complaint in the Action; (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses incurred by or on behalf of Plaintiff in connection with the Action and any other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims regarding or arising directly or indirectly from Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties; (d) any and all claims of discrimination or retaliation based upon disability whether actual or perceived; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI, Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York State Labor Law, N.Y. Labor Law §§ 194, 740 and 741 *et seq.*, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, and any other federal, state or local law; (f) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, earnings,

severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive, or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, education, vocational services, discrimination, retaliation, retirement, or otherwise. This release also includes a waiver and release of any and all claims related to allegations made before the EEOC, the New York State Division of Human Rights, or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing any claims that may arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing any claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; and any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the

13

EEOC.

**14.     No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against SUNY or the State of New York, or any of their present and former agencies, centers, schools, entities, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for SUNY to enter into this Settlement Agreement.

**15.     No Other Attorney.**

Plaintiff represents and warrants that other than the undersigned attorneys for Plaintiff, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiff in the Action, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, whether pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract or otherwise. Plaintiff further agrees to indemnify and hold harmless SUNY and the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives) from any liability or claims for attorneys' fees, or disbursements incurred by Plaintiff in the Action, or in connection with

any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action by Plaintiff alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. Nothing in this General Release in any way limits Plaintiff's representation and indemnification for any malpractice claims that have or may be brought against him for his prior work as a medical resident. The terms and conditions for such malpractice protection are described in the Summary of Employee Benefits for House Staff Employees (Residents) Represented by United University Professions.

**16.     No Prevailing Party.**

Neither Plaintiff nor SUNY shall be deemed a "prevailing party" for any purpose, including but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**17.     Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**18.     Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**19.     Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 13) with his attorneys, and Plaintiff represents that he has carefully read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that he executes and delivers the Settlement

Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

**20.    Negotiated Agreement.**

The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

**21.    No Admission of Liability.**

Nothing contained herein shall constitute an admission by SUNY or the State of New York (including, but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives) that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other laws of the United States or the State of New York, or that any action or inaction by them was unlawful or wrongful. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or dispute or as constituting any admission of wrongdoing or liability on the part of SUNY, the State of New York, including but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives, or any of their present and

16

former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, centers, schools, entities, departments, divisions, subdivisions, subsidiaries, heirs, administrators, or assigns, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of SUNY, or the State of New York, or any of their offices, agencies, centers, schools, entities, departments, divisions, subdivisions, officials, employees (including but not limited to the Individual Defendants), or agents, whether in their individual or official capacities.

**22.    No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Action or any other action or proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever and shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop SUNY, the State of New York, or any of their present and former agencies, centers, schools, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees (including but not limited to the Individual Defendants), directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues and claims raised in said actions or proceedings, or from advancing any defenses.

**23.    Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

24.    **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

25.    **Severability.**

With the exception of Paragraphs 1, 2, 6, 9, 13, 14, and 16 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

26.    **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

27.    **Submission to the Court.**

Upon signature by all parties and counsel for all Parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

28.   **Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

29.   **Authority to Sign Agreement.**

The parties and the signatories to this Settlement Agreement represent and warrant that the signatories executing this Settlement Agreement on behalf of each party have full authority to do so and to make the representations, warranties, and agreements contained herein.

30.   **Acknowledgment of Full Understanding.**

Plaintiff acknowledges and agrees that Plaintiff has fully read, understands, and voluntarily enters into this agreement. Plaintiff acknowledges and agrees that Plaintiff has had an opportunity to ask questions and consult with an attorney of Plaintiff's choice before signing this agreement. Plaintiff further acknowledges that Plaintiff's signature below is a binding agreement that releases and/or waives claims, including claims that may be contingent or unknown as against SUNY and all Released Parties, including the State of New York, including but not limited to, any of their agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees (including but not limited to the Individual Defendants), agents, or representatives.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:   New York, New York
         July 29 2020

Mohammed Sadat, *Plaintiff*

19

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA COUNTY

OF Los Angeles

On July 29, 2020, before me, the undersigned, a Notary Public in and for the State of California, personally appeared MOHAMMED SADAT, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: New York, New York
July 30, 2020

JON DAVID WALKER
Notary Public - California
Los Angeles County
Commission # 2264190
My Comm. Expires Nov 19, 2022

Eisenberg Schnell, LLP Attorneys for Plaintiff

By:

Herbert Eisenberg
Julian R. Birnbaum
The Woolworth Building
233 Broadway, Suite 2704
New York, New York 10279
(212) 966-8900

Dated: New York, New York
July 31, 2020

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
State University of New York

By:

Johane Severin
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8565

20

Mantosh J. Dewan, M.D.
Interim President
Upstate Medical University
750 East Adams Street
Syracuse, NY 13210
315-464-5275


THE COURT APPROVES THE
SETTLEMENT AGREEMENT HEREIN,
AND IT IS HEREBY SO ORDERED:

The Honorable Jesse M. Furman
United States District Judge

Dated:_____August 5_____, 2020

21